# Exhibit A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL SMITH, BRANDON HERMAN, CHAD PATTERSON, JEFFERY ROBERTS, MICHAEL WILL, SUSAN WINSTEAD, ROBERT BOHANNON, HOLLY BUCKINGHAM, RICHARD MORELLO, JR., ROBERT HARRIS, AMANDA LARISCY, CHARLES NEWMAN and PAUL CHRISTIANSEN, individually and on behalf of all similarly situated persons, | **Civil Action No**. 1:18-cv-4990 |
| Plaintiffs, | **CLASS ACTION** |
| v. | **Jury Trial Demanded** |
| COMPLYRIGHT, INC., a Minnesota corporation, | **Hon. Edmond E. Chang** |
| Defendant. | |

## SETTLEMENT AGREEMENT

This Settlement Agreement, entered into May 20, 2019, is made and entered into jointly by the following Settling Parties to the above-captioned action: (i) Marshall Smith, Brandon Herman, Chad Patterson, Jeffery Roberts, Michael Will, Susan Winstead, Robert Bohannon, Holly Buckingham, Richard Morello, Jr., Robert Harris, Amanda Lariscy, Charles Newman, and Paul Christiansen (the "Representative Plaintiffs"), individually and as named class representatives on behalf of the Settlement Class (as defined below), by and through Ben Barnow and Erich P. Schork, Barnow and Associates, P.C., and Laurence D. King and Matthew B. George, Kaplan Fox & Kilsheimer LLP (together, "Co-Lead Settlement Class Counsel"); and (ii) ComplyRight, Inc. ("ComplyRight"), by and through its counsel of record, Hsiao C. Mao, Troutman Sanders LLP.

1

The Settlement Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I. THE LITIGATION

On July 13, 2018, ComplyRight sent letters to Plaintiffs and others informing them that between April 20, 2018, and May 22, 2018, an unauthorized person or persons illegally intruded into its website without authorization and accessed and/or viewed their name, address, telephone number, email address, and Social Security number (the "Data Breach")—information that was entered into the website by, or on behalf of, employers or payers to prepare tax related forms, for example, forms 1099 and W-2. The letters offered recipients free credit monitoring and identity theft protection services for a period of 12 months, or the minimum duration prescribed by applicable law, whichever was greater.

After receiving letters from ComplyRight, Plaintiffs initiated lawsuits in various federal courts asserting claims against ComplyRight relating to the Data Breach. Pursuant to the agreement of the Parties and their counsel, all claims were consolidated before this Court (the "Litigation"). On September 10, 2018, Plaintiffs filed the Consolidated Amended Class Action Complaint against ComplyRight. On October 24, 2018, ComplyRight moved to dismiss the Complaint and moved to strike the class allegations in Plaintiffs' Consolidated Class Action Complaint.

On December 11, 2018, the Parties participated in a day-long mediation before the Honorable Wayne R. Andersen (Ret.) of JAMS. After failing to reach agreement, they participated in a second mediation session with Judge Andersen (Ret.) on January 31, 2019. They continued to negotiate with the assistance with Judge Andersen in the weeks that followed. The negotiations

ultimately led to the Parties' execution of a Memorandum of Understanding on April 15, 2019, the material terms of which are reflected in this Settlement Agreement.

Pursuant to the terms agreed to and as set out below, this Settlement Agreement resolves all actions, proceedings and claims against ComplyRight and its Related Persons that are asserted in, arise from, or relate to the matters referenced in the Consolidated Amended Class Action Complaint or any other actions by and on behalf of individuals or putative classes of consumers arising from the matters referenced in that complaint, originating or that may originate in jurisdictions in the United States (collectively, "the Litigation").

## II. CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF THE SETTLEMENT

Representative Plaintiffs believe that the claims asserted in the Litigation, as set forth in the Consolidated Amended Class Action Complaint, have merit. Representative Plaintiffs and Plaintiffs' Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against ComplyRight, including through motion practice, trial, and potential appeals. Representative Plaintiffs and Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of continued litigation, as well as the significant difficulties and potential delays inherent in such litigation. Representative Plaintiffs and Plaintiffs' Counsel are also mindful of their burden of proof and possible defenses to the claims asserted in the Litigation. Representative Plaintiffs and Plaintiffs' Counsel believe the settlement set forth in this Settlement Agreement confers substantial benefits upon the Settlement Class (as defined below), particularly when balanced against the risks of continued litigation. Representative Plaintiffs and Plaintiffs' Counsel have determined that the settlement set forth in this Settlement Agreement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

## III. DENIAL OF WRONGDOING AND LIABILITY

ComplyRight denies each and all of the claims and contentions alleged against it in the Litigation. Nonetheless, ComplyRight has concluded that further conduct of the Litigation could be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. ComplyRight has also taken into account the uncertainty and risks inherent in any litigation, and therefore determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV. TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiffs, individually and on behalf of the Settlement Class, by and through Plaintiffs' Counsel, and ComplyRight that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to all Settling Parties, upon and subject to the terms and conditions of this Settlement Agreement, as follows.

### 1. Definitions.

As used in the Settlement Agreement, the following terms have the meanings specified below.

**1.1** "Claims" means known claims and Unknown Claims (as defined in ¶ 1.25), actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatever, whether contingent or non-contingent, choate or inchoate, and whether at law or equity or under common law, civil law or statute.

      **1.2**     "Co-Lead Settlement Class Counsel" means Ben Barnow and Erich P. Schork, Barnow and Associates, P.C., and Laurence D. King and Matthew B. George, Kaplan Fox & Kilsheimer LLP.

      **1.3**     "ComplyRight" means ComplyRight, Inc., a Minnesota corporation.

      **1.4**     "Effective Date" means the earliest date by which all of the events and conditions specified in ¶ 1.6 hereof for the Judgment to become Final have occurred or have been met.

      **1.5**     "Escrow Account" means an account or accounts designated by Co-Lead Settlement Class Counsel, with a bank or Settlement Administrator, as the case may be, serving as escrow agent ("Escrow Agent"), subject to escrow instructions as agreed by the Settling Parties. The Escrow Agent shall cause the funds deposited in the Escrow Account to be held in FDIC insured accounts at one or more commercial banks with capital exceeding $1,000,000,000 and an S&P rating of "A" or higher.

      **1.6**     "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved in final form by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); (iii) the time to appeal or seek permission to appeal from the Judgment (by motion for an extension of time in which to file an appeal, or otherwise) has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, no order of the Court or modification or reversal or appeal of any order of the Court concerning the amount(s) of any attorneys' fees, costs, or expenses requested by Co-Lead Settlement Class Counsel hereunder or awarded by the Court to Co-Lead Settlement Class

Counsel hereunder shall affect whether the Judgment is "Final" as defined in the preceding sentence, or any other aspect of the Judgment.

1.7    "Judgment" means a judgment rendered by the Court, in the form attached hereto as Exhibit G, or a judgment substantially similar to such form in substance.

1.8    "Litigation" means Winstead, et al. v. ComplyRight, Inc., Civil Action No. 1:18-cv-4990 (N.D. Ill.).

1.9    "Notice Program" means the settlement notice program as set forth in the Declaration of on Settlement Notice Procedures ("Decl."), attached hereto as Exhibit A.

1.10    "Opt-Out Date" means twenty-one (21) days prior to the date set in the Postcard Notice for the Final Fairness Hearing, which shall be the date by which members of the Settlement Class must mail their requests to be excluded from the Settlement Class in order for that request to be effective. The postmark date shall constitute the date of mailing for these purposes.

1.11    "Other Plaintiffs' Counsel" means Matt Harman, Harman Law Firm, Jeffrey R. Krinsk, Finkelstein & Krinsk LLP, David C. O'Mara, The O'Mara Law Firm, and Marc A. Wites, Wites Law Firm.

1.12    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives, and/or assignees.

1.13    "Plaintiffs' Counsel" means Co-Lead Settlement Class Counsel, Plaintiffs' Executive Committee, and Other Plaintiffs' Counsel.

1.14    "Plaintiff's Executive Committee" means Shpetim Ademi, Ademi & O'Reilly, LLP, Jeremiah Frei-Pearson, Finkelstein Blankenship, Frei-Pearson & Garber, LLP, Benjamin F. Johns, Chimicles & Tikellis LLP, and Aron D. Robinson, Law Offices of Aron D. Robinson.

1.15    "Qualifying Family Member" means a Settlement Class member's spouse, significant other with whom the Settlement Class member cohabitates, and children age twenty-five (25) or younger.

1.16    "Related Persons" means any past or present director, officer, employee, contractor, representative, attorney, or agent of ComplyRight who has not been charged with criminal activity related to the Data Breach.

1.17    "Released Claims" shall mean any and all Claims that either have been asserted or could have been asserted by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the allegations, facts, or circumstances alleged in the Litigation, and related to the Data Breach. Without limitation of the foregoing, Released Claims specifically include Claims stemming from the Data Breach that may have been or could have been asserted whether known or unknown, by any Settlement Class Member against any person or entity that could seek indemnification or contribution from any of the Released Persons in respect of such Claim. Released Claims shall not include the right of any Settlement Class Member or any Released Person to enforce the terms of the settlement contained in the Settlement Agreement.

1.18    "Released Persons" means ComplyRight, parent and successor entities, insurers and reinsurers, business partners and affiliates doing business with ComplyRight involved in the Data Breach, and the Related Persons.

**1.19** "Representative Plaintiffs" means Marshall Smith, Brandon Herman, Chad Patterson, Jeffrey Roberts, Michael Will, Susan Winstead, Robert Bohannon, Holly Buckingham, Richard Morello, Jr., Robert Harris, Amanda Lariscy, Charles Newman, and Paul Christiansen.

**1.20** "Settlement Administration" means the processing of claims received from Settlement Class Members by the Settlement Administrator.

**1.21** "Settlement Administrator" means Kurtzman Carson Consultants LLC ("KCC"), which has been selected jointly by the Parties, subject to the approval of Court.

**1.22** "Settlement Class" means all persons whose Personal Information was maintained on ComplyRight's website during the Data Breach that occurred from at least April 20, 2018 through May 22, 2018, including all persons who were sent the July 13, 2018 letter informing them of the Data Breach. The following Persons are specifically excluded from the Settlement Class: (a) individuals who are or were during the Data Breach officers or directors of ComplyRight; (b) any person found to be criminally involved in the Data Breach; and (c) any judge presiding over this matter.

**1.23** "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

**1.24** "Settling Parties" means, collectively, ComplyRight and Representative Plaintiffs, individually and on behalf of the Settlement Class.

**1.25** "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any Representative Plaintiff, does not know or suspect to exist in his or her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with and release of the Released Persons, or might have affected his or her decision not to object to and/or to participate in this settlement. With respect to any and all

8

Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), or principle of equity, civil or common law or of international or foreign law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members, including Representative Plaintiffs, and any of them, may hereafter discover facts in addition to or different from those that they, or any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the settlement of which this release is a part.

2.    **Settlement Consideration**

2.1    Within ten (10) calendar days after entry of the Court's Order granting preliminary approval of the Settlement, ComplyRight shall pay a total of $3,025,000 (the "Settlement Fund") into the Escrow Account.

2.2    The Settling Parties agree to treat the Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 and to refrain from taking any action inconsistent with such treatment. All taxes on the income of the Escrow Account shall timely be paid out of the Escrow Account without Order of the Court. For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent for the Escrow Account and shall promptly take all steps necessary so that amounts paid to the Escrow Account qualify as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B. These steps include, without limitation, the following: (i) the Escrow Agent shall timely and properly prepare a statement fulfilling the requirements of Treas. Reg. § 1.468B-3(e) on behalf of Settling Defendants; and (ii) the Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement consideration (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1) and the information reporting and withholding requirements of Treas. Reg. § 1.468B-2(l)).

2.3    Settlement Class members who do not timely opt out of the Settlement Class shall be entitled to claim and receive, at their selection, one and only one of the following benefits: (a) Protection Plan Option, (b) Cash Option, or (c) Reimbursement Option.

2.4     **Protection Plan Option.**

(a)     ComplyRight shall make available free-of-charge to Settlement Class Members a two-year subscription to MyIDCare®, to be provided by ID Experts Corp., and to include (i) credit monitoring by Experian (or such other qualified company approved by Co-Lead Settlement Class Counsel; (ii) dark web monitoring; (iii) Fully Managed Recovery (full services); (iv) $1,000,000 insurance coverage for reimbursement of losses attributable to the Data Breach, which shall commence upon enrollment; (v) Member Advisory Services; (vi) Lost Wallet Assistance; and (vii) 24-Hour Customer Service for each of the above, as applicable (the "Protection Plan").

(b)     A Settlement Class Member claiming the Protection Plan may transfer the benefit to a Qualifying Family Member prior to activation.

(c)     The Protection Plan shall begin and run from the date the Settlement Class Member or the Qualifying Family Member activates the Protection Plan.

(d)     The activation code for the Protection Plan shall not expire until twelve (12) months after the date the Settlement Class Member receives the activation code.

(e)     ComplyRight shall pay all costs associated with providing the Protection Plan.

2.5     **Cash Option**. Settlement Class Members shall be entitled to an estimated $50 cash payment. All payments under this paragraph shall be paid from the Settlement Fund and subject to ¶¶ 2.10–2.12. The Settlement Class Member who selects the Cash Option must designate the payment method on the Claim form, which will include the receipt of payment via check by mail, PayPal, Zelle, or such other electronic payment platform deemed efficient and appropriate by the

Settlement Administrator. Claim Forms failing to clearly make a single designation will receive check by mail to the last known address on file with the Settlement Administrator.

### 2.6 Reimbursement Option.

(a) Settlement Class Members shall be entitled to receive up to $200 as reimbursement of certain expenses actually incurred as a result of the Data Breach and not reimbursed by insurance or another third party. All payments under this paragraph shall be paid from the Settlement Fund and be subject to ¶¶ 2.10–2.12.

(b) Reimbursement Expenses are allowed only if they fit within the categories of losses and expenses listed below and the Settlement Class member provides documentation of the costs incurred:

(i) Documented hours of time. The Settlement Administrator will require specific and detailed information regarding the visits, calls, such as entities involved, reasons for the time being spent, and quantity of time expended as to each. Time will be reimbursed at $15 per hour, for a maximum of 3 hours. The required information will include who, when, where, and purpose of event resulting in the time expenditure required, as well as the individual amount of time of each such event.

(ii) Purchase of police reports.

(iii) Late charges or other fees paid because of the Data Breach, including overdraft fees.

(iv) And other similar expenses directly related to the Data Breach and expended in good faith, at the Settlement Administrator's discretion.

(c) If the Settlement Class Member has enrolled in ComplyRight's previous credit monitoring and identity theft protection services offered through TransUnion in

12

ComplyRight's July 13 letter and the losses being claimed for reimbursement were incurred during the period of time covered under that product, the Settlement Class Member must make a claim under the insurance offered by the TransUnion service before submitting a claim under the Reimbursement Option. Enrollment in the TransUnion service offer shall not otherwise affect a Settlement Class Member's eligibility for the Protection Plan Option, Cash Option, or Reimbursement Option, except payment under the TransUnion coverage forecloses payment for the same amount under the settlement. There shall be no double payments.

(d)     The Settlement Class Member who selects the Reimbursement Option must designate the payment method on the Claim form, which will include the receipt of payment via check by mail, PayPal, Zelle, or such other electronic payment platform deemed efficient and appropriate by the Settlement Administrator. Claim Forms failing to clearly make a single designation will receive check by mail to the last known address on file with the Settlement Administrator.

2.7     To receive any benefit under the Settlement, a Settlement Class Member must submit a completed Claim Form no later than sixty (60) calendar days after the date set in the Postcard Notice for the Final Fairness Hearing. Each Settlement Class Member is limited to the submission of one Claim Form. In no event shall a Settlement Class Member be entitled receive a benefit under more than one Option under the Settlement.

2.8     The Settlement Fund shall be used to pay the following:

(a)     Costs for Notice and Settlement Administration not to exceed $300,000;

(b)     Representative Plaintiff service awards, as approved by the Court;

(c)     The amount of attorney's fees, costs, expenses, as approved by the Court;

          (d)     Payments of valid claims under the Cash Option and Reimbursement Option.

2.9    Separate and apart from the Settlement Fund, ComplyRight shall only be responsible for paying all costs of providing the Protection Plan Option to Settlement Class Members submitting valid claims therefor.

2.10    After subtracting the costs of Notice and Settlement Administration (not to exceed $300,000), Representative Plaintiff service awards, and attorneys' fees, costs, and expenses, as approved by the Court, in the event that the total amount remaining in the Settlement Fund exceeds the aggregate value of valid Cash Option and Reimbursement Option claims submitted by Settlement Class Members and approved by the Settlement Administrator, payments to Settlement Class Members for the Cash Option and Reimbursement Option shall be increased pro rata to exhaust the Fund.

2.11    After subtracting the costs of Notice and Settlement Administration (not to exceed $300,000), Representative Plaintiff service awards, and attorneys' fees, costs, expenses, as approved by the Court, in the event that the total amount remaining in the Fund is less than the aggregate value of valid Cash Option and Reimbursement Option claims submitted by Settlement Class Members, payments to Settlement Class members for the Cash Option and Reimbursement Option shall be reduced pro rata.

2.12    After the Fund is distributed as described above, if amounts remain in the Fund because checks have expired as a result of not being deposited 6 months after the date of issuance, those unclaimed amounts will be distributed as follows: (1) in the event KCC's costs of notice and administration exceed $300,000 as a result of a higher-than-expected claims filing rate, KCC shall receive reimbursement for such overages, as approved by the Parties; (2) if no such costs were

14

incurred or are fully paid, any remainder of the unclaimed funds shall go to an appropriate cy pres organization agreed upon by the Parties, with Court approval being required before any allocation or distribution of cy pres.

**2.13**     In no event shall any portion of the Fund revert back to ComplyRight.

**2.14**     The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.  If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the settlement is terminated or cancelled pursuant to the terms of this Settlement Agreement, then this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's position on the issue of class certification or on any other issue.  The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action including, without limitation, proceedings otherwise consolidated with the Litigation in the above-captioned civil action, as to which all of their rights are specifically preserved.

**2.15     Commitments to Data Security.** ComplyRight agrees to implement and maintain the following data security practices for a period of three (3) years following the Effective Date of this Agreement:

(a)     An information security program containing policies, procedures, and technical controls;

(b)     Controls regarding authentication of users who access ComplyRight's website and controls designed to prevent access by users in locations where illegitimate use of the ComplyRight website could originate;

(c)    ComplyRight shall encrypt all Social Security numbers stored electronically;

(d)    Regular and periodic training and education regarding the storage, handling, and destruction of personally identifiable information and nonpublic personal information for employees that handle those types of information; and

(e)    Annual simulated penetration testing and procedures designed to monitor and address vulnerabilities to ComplyRight's information systems.

**3.  Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing**

**3.1**    No later than fourteen (14) calendar days after the Settlement Agreement becomes fully executed, Representative Plaintiffs, by and through Co-Lead Settlement Class Counsel, shall file a motion for preliminary approval of the Settlement and apply for entry of an order (the "Order of Preliminary Approval" in the form attached hereto as Exhibit B) requesting, inter alia:

(a)    a finding that the Court is likely to certify the Settlement Class for settlement purposes only at the Final Fairness Hearing;

(b)    preliminary approval of the settlement as set forth herein;

(c)    approval of the Notice Program, as set forth in the Declaration of Carla A. Peak attached as Exhibit A hereto, to provide notice of the Settlement to the Settlement Class

(d)    approval of the commencement of notice to the Settlement Class including the emailing of notice ("Email Notice") directly to Settlement Class Members for which ComplyRight provides an email address, in a form substantially similar to Exhibit C hereto, the mailing of postcards ("Postcard Notice") directly to those Settlement Class Members who ComplyRight is unable to locate an email address for in a form substantially similar to Exhibit D hereto, and a customary long form of notice ("Notice") in a form substantially similar to

16

Exhibit E hereto, which together shall include a fair summary of the Parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims as contemplated herein, and the date, time, and place of the Final Fairness Hearing;

(e)     appointment of KCC as Settlement Administrator to provide Notice and settlement administrative services, as agreed to herein; and

(f)     approval of the Claim Form in a form substantially similar Exhibit F hereto. The forms of Email Notice, Postcard Notice, Detailed Notice and Claim Form attached hereto as Exhibits C–F may be revised as agreed upon by the Settling Parties prior to such submission to the Court for approval.

**3.2**     The Settlement Administrator shall be responsible for development and implementation of the Notice Program to provide notice to the Settlement Class in accordance with the Order of Preliminary Approval and Notice of a Final Fairness Hearing, which such Notice Program shall be approved in writing by both ComplyRight and Co-Lead Settlement Class Counsel prior to submission to the Court.  Subject to the limitations of ¶ 2.8(a), costs of Notice will be paid by the Settlement Administrator, using amounts deposited by ComplyRight into the Escrow Account, as required by the Settlement Administrator.  Notice shall be provided to Settlement Class Members by U.S. mail and email to the extent ComplyRight possesses such information or is reasonably practicable to obtain. The Settlement Administrator shall establish a dedicated settlement website and toll-free number and shall maintain and update the website throughout the Claim Period, with the forms of Summary Notice, Notice, and Claim Form approved by the Court, as well as this Settlement Agreement. The Settlement Administrator also will provide copies of

17

the forms of Summary Notice, Notice, and Claim Forms approved by the Court, as well as this Settlement Agreement, upon request to any Settlement Class Member. Prior to the Final Fairness Hearing, Co-Lead Settlement Class Counsel shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice. The forms of Summary Notice, Notice and Claim Form approved by the Court may be adjusted by the Settling Parties, or by KCC respectively (in consultation and agreement with the Settling Parties), as may be reasonable and not inconsistent with such approval.

3.3     Co-Lead Settlement Class Counsel and ComplyRight shall request that after notice is given, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

## 4. Opt-Out Procedures

4.1     Each Person wishing to opt out of the Settlement Class shall sign (individually, or, if the Person opting out is less than 18 years of age, through the signature of a parent, legal guardian or other legal representative) and timely mail written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than the Opt-Out Date.

4.2     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall neither receive any benefits of nor be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

## 5. Objection Procedures

**5.1** Each Settlement Class Member desiring to object to the settlement shall submit a timely written notice of his or her objection. Such notice shall state: (i) the objector's full name, address, telephone number, and email address; (ii) information identifying the objector as a Settlement Class Member, including proof that they are a member of the Settlement Class, (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who may appear at the Final Fairness Hearing; (vi) all other cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement, has been a named plaintiff in any class action, or has served as lead plaintiff class counsel, including the case name, court, and docket number for each; (vii) a certificate of good standing from the highest court of the state in which objector's counsel is admitted to practice law; (viii) documents sufficient to show the results of any sanctions, investigations, or disciplinary proceedings against objector's counsel (ix) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (x) a statement confirming whether the objector intends to personally appear or testify at the Final Fairness Hearing; and (xi) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Northern District of Illinois, at the address where filings are accepted by the Clerk, twenty-one (21) days prior to the date set in the Postcard Notice for the Final Fairness Hearing, and served concurrently therewith upon (a) Co-Lead Settlement Class Counsel Ben Barnow and Erich P. Schork, Barnow and Associates, P.C.,

One North LaSalle Street, Suite 4600, Chicago, IL 60602, and Co-Lead Settlement Class Counsel Laurence D. King and Matthew B. George, Kaplan Fox & Kilsheimer LLP, 350 Sansome Street, Suite 400, San Francisco, CA 94104; and also (b) Hsiao C. (Mark) Mao, Troutman Sanders LLP, 580 California Street, Suite 1100, San Francisco, CA 94104, counsel for ComplyRight.

## 6. Releases

6.1     Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in, any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

6.2     Upon the Effective Date, ComplyRight and Related Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims, known or unknown, arising out of or relating to the institution, prosecution, settlement, or resolution of the Litigation, provided however, that this release, relinquishment, and discharge shall not include claims by the Parties or Settlement Class Members to enforce the terms of the Settlement or Settlement Agreement.

## 7.  Representative Plaintiff Service Awards and Attorneys' Fees, Costs, and Expenses

**7.1**      The Settling Parties did not discuss Representative Plaintiff service awards or attorneys' fees, costs, and expenses as provided for in ¶¶ 7.2–7.3, until after the substantive elements of the settlement had been agreed upon.

**7.2**      ComplyRight agrees not to object to Representative Plaintiffs' request for service awards in the amount of $2,500 per Representative Plaintiff (totaling $30,000) for bringing the Litigation and time spent in connection with the Litigation.  All Representative Plaintiff service awards, as approved by the Court, shall be paid from the Settlement Fund.

**7.3**      ComplyRight has agreed not to object to Co-Lead Settlement Class Counsel's request of up to $908,333 in attorneys' fees and, additionally, reimbursement of reasonable costs and expenses incurred in furtherance of the Litigation. All awards of attorneys' fees, costs, and expenses as approved by the Court shall be paid from the Settlement Fund.

**7.4**      Co-Lead Settlement Class Counsel, in their sole discretion, to be exercised reasonably, shall allocate and distribute the amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' Counsel.

**7.5**      Within fourteen (14) calendar days after the Effective Date, the Settlement Administrator shall pay from the Settlement Fund all Representative Plaintiff service awards and attorneys' fees, costs, and expenses awarded by the Court to an account established by Co-Lead Settlement Class Counsel. Thereafter, Co-Lead Settlement Class Counsel shall distribute the Representative Plaintiff service awards to Representative Plaintiffs and the award of attorneys' fees, costs, and expenses among Plaintiffs' Counsel. The attorneys' fees, costs, and expenses paid by ComplyRight as provided for in this Agreement shall be allocated by Co-Lead Settlement Class Counsel among Plaintiffs' Counsel in a manner that Co-Lead Settlement Class Counsel in good

faith believes reflects the contributions of Plaintiffs' Counsel to the prosecution and settlement of the claims against ComplyRight in the Litigation.

      **7.6**      The amount(s) of any Representative Plaintiff Awards and award of attorneys' fees, costs, and expenses is intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. No order of the Court or modification or reversal or appeal of any order of the Court concerning the amount(s) of any attorneys' fees, costs, or expenses requested by Co-Lead Settlement Class Counsel hereunder or awarded by the Court to Co-Lead Settlement Class Counsel hereunder shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 8. Administration of Claims

      **8.1**      All claims for benefits under the Settlement Agreement must be submitted to the Settlement Administrator no later than (60) calendar days after the date set in the Postcard Notice for the Final Fairness Hearing. All claims shall be submitted online or by mail on a written Claim Form to be available as an electronic download that can be printed out and filled in by the claimant, and shall be submitted along with such further documentation that may be required for the claim. On the Claim Form, the claimant must provide the name and address of the claimant and such additional information identified on the Claim Form for the processing and determination of the validity of the claim. All information provided to the Settlement Administrator shall be deemed confidential by the Settlement Administrator. Claims will be evaluated on a first-come, first-served basis based on the date of actual receipt by the Settlement Administrator.

**8.2**     All claims reviewed by the Settlement Administrator shall include reasonable safeguards against fraudulent claims. ComplyRight and Co-Lead Settlement Class Counsel shall both have the right to monitor the claims process and its administration.

**8.3**     The Settlement Administrator shall determine whether a claimant's Claim Form, along with supporting materials, are sufficient to support a Claim and the amount of such Claim. Before 21 calendar days after the deadline to submit Claims set forth in ¶ 8.1, the Settlement Administrator shall send a written notice to Settlement Class Members whose Claims for Reimbursement were not accepted in whole or in part, stating the reasons for denial, specifying the amounts that were claimed and not approved, and, in the case of Reimbursement Option claims, informing them of the option to select the Protection Plan Option or Cash Option in lieu of the Reimbursement Option. Settlement Class Members have 21 calendar days from the postmark date on the Settlement Administrator's notice to respond, supplement their documentation, correct deficiencies identified by the Settlement Administrator, or select the Protection Plan Option or Cash Option in lieu of any Reimbursement Option amount.

**8.4**     The Settlement Administrator shall administer and calculate (as may be necessary) the claims submitted by Settlement Class Members hereunder. Co-Lead Settlement Class Counsel and ComplyRight shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Settlement Administrator's determination of the validity or invalidity of any such claims shall be binding.

**8.5**     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frame set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from

23

receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained herein, and the Judgment.

8.6     No Person shall have any claim against the Settlement Administrator, ComplyRight, or Co-Lead Settlement Class Counsel based on distributions of benefits made substantially in accordance with the Settlement Agreement and the settlement contained herein, or further order(s) of the Court.

8.7     All payments and distributions of benefits hereunder shall be distributed within 180 days after the Effective Date. The Settlement Administrator shall send to each valid Protection Plan Option claimant an email or letter containing an activation code and the link to the website where the activation code can be input to activate the Protection Plan. The Settlement Administrator shall distribute payments to valid Cash Option and Reimbursement Option claimants by their selected method of payment, or by check if no selection was made.

## 9.  Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

9.1     This settlement shall be conditioned on the occurrence of all of the following events:

        (a)     the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing;

        (b)     the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

        (c)     the Judgment has become Final, as defined in ¶ 1.7.

9.2     If any one of the conditions specified in ¶ 9.1 is not satisfied, then the Settlement Agreement shall be canceled and terminated subject to ¶ 9.3 hereof, unless Co-Lead Settlement

Class Counsel and counsel for ComplyRight mutually agree in writing to proceed with the Settlement Agreement.

**9.3** In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (a) the Settling Parties shall be restored to their respective positions in the Litigation, and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or litigant, which extension shall be subject to the decision of the Court, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, and expenses awarded to Co-Lead Settlement Class Counsel shall constitute grounds for cancellation or termination of the Settlement Agreement.

**10. Miscellaneous Provisions**

**10.1** The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and any applicable requirements under the Class Action Fairness Act of 2005, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement. ComplyRight shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement. No later than ten (10) calendar days before the Final Fairness Hearing, counsel for ComplyRight shall

25

file with the Court a declaration(s) stating that ComplyRight complied with the notice obligations under 28 U.S.C. § 1715. All Exhibits hereto shall be mutually agreed upon by the Settling Parties, subsequent to the execution hereof, and, upon such mutual agreement, shall be deemed to be the Exhibits referenced herein as attached hereto.

10.2    The Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation, and with regard to the Released Parties.  The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

10.3    Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of

res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4    Representative Plaintiffs shall be entitled to reasonable confirmatory discovery from ComplyRight, namely, reasonable requests for relevant documents and the interviews of up to two knowledgeable employees identified by ComplyRight to be conducted by Co-Lead Settlement Class Counsel. The period for confirmatory discovery shall begin no sooner than the date of preliminary approval of the settlement and be completed within ninety (90) days. ComplyRight shall cooperate in good faith to make such confirmatory discovery possible.  At the conclusion of confirmatory discovery, Co-Lead Settlement Class Counsel shall, based upon all facts known to them, determine in good faith whether in their opinion the settlement is fair, reasonable and adequate.  If Co-Lead Settlement Class Counsel determine that the settlement is not in their opinion fair, reasonable and adequate, Co-Lead Settlement Class Counsel shall terminate the Settlement and give notice to ComplyRight of such termination within ten (10) days after confirmatory discovery concludes.  In such case, the settlement shall be null and void, and the parties shall return to their original positions.

10.5    All documents and materials exchanged or created in confirmatory discovery shall be subject to the Agreed Confidentiality Order, ECF No. 15, and shall be destroyed within sixty (60) days after the Effective Date. The Parties shall cooperate in good faith, and this provision shall not be construed as waiver of any privilege by any Party or Related Entity.

10.6    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.7    This Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the parties hereto, and no representations, warranties, or inducements

have been made to any party concerning the Settlement Agreement other than the representations, warranties, and covenants contained and memorialized in such document. Except as otherwise provided herein, each party shall bear its own costs.

10.8    Co-Lead Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Representative Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate.

10.9    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.10    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

10.11    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.13    This Settlement Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with,

and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

**10.14**  As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

**10.15**  All dollar amounts are in United States dollars.

**10.16**  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

By:_____

Hsiao C. (Mark) Mao
TROUTMAN SANDERS LLP
580 California Street, Suite 1100
San Francisco, CA 94104

*Attorneys for Defendant ComplyRight, Inc.*

By:_____

Ben Barnow
Erich P. Schork
BARNOW AND ASSOCIATES, P.C.
1 North LaSalle Street, Suite 4600
Chicago, IL 60602

By:_____

Laurence D. King
Matthew B. George
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104

*Co-Lead Settlement Class Counsel*

29

and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

**10.14** As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

**10.15** All dollar amounts are in United States dollars.

**10.16** All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

By:_____

Hsiao C. (Mark) Mao
TROUTMAN SANDERS LLP
580 California Street, Suite 1100
San Francisco, CA 94104

*Attorneys for Defendant ComplyRight, Inc.*

By:_____

Ben Barnow
Erich P. Schork
BARNOW AND ASSOCIATES, P.C.
1 North LaSalle Street, Suite 4600
Chicago, IL 60602

By:_____

Laurence D. King
Matthew B. George
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104

*Co-Lead Settlement Class Counsel*

29

and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

**10.14**  As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

**10.15**  All dollar amounts are in United States dollars.

**10.16**  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.


By:_____

Hsiao C. (Mark) Mao
TROUTMAN SANDERS LLP
580 California Street, Suite 1100
San Francisco, CA 94104

*Attorneys for Defendant ComplyRight, Inc.*


By:_____

Ben Barnow
Erich P. Schork
BARNOW AND ASSOCIATES, P.C.
1 North LaSalle Street, Suite 4600
Chicago, IL 60602



By:_____

Laurence D. King
Matthew B. George
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104

*Co-Lead Settlement Class Counsel*

Aron D. Robinson
LAW OFFICES OF ARON D. ROBINSON
180 W. Washington, Suite 700
Chicago, IL 60602

Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, New York 10601

Matt Harman
HARMAN LAW FIRM
3414 Peachtree Road NE Suite 1250
Atlanta, GA 30326

Shpetim Ademi
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, WI 53110

*Plaintiff's Executive Committee*

Marc A. Wites
WITES LAW FIRM
4400 North Federal Highway
Lighthouse Point, FL 33064

Jeffrey R. Krinsk
FINKELSTEIN and KRINSK LLP
550 West C. Street Suite 1760
San Diego, CA 92101

David C. O'Mara
THE O'MARA LAW FIRM
311 East Liberty Street
Reno, NV 89501

*Other Plaintiff's Counsel*

30

Aron D. Robinson
LAW OFFICES OF ARON D. ROBINSON
180 W. Washington, Suite 700
Chicago, IL 60602

Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, New York 10601

Matt Harman
HARMAN LAW FIRM
3414 Peachtree Road NE Suite 1250
Atlanta, GA 30326

Shpetim Ademi
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, WI 53110

*Plaintiff's Executive Committee*

Marc A. Wites
WITES LAW FIRM
4400 North Federal Highway
Lighthouse Point, FL 33064

Jeffrey R. Krinsk
FINKELSTEIN and KRINSK LLP
550 West C. Street Suite 1760
San Diego, CA 92101

David C. O'Mara
THE O'MARA LAW FIRM
311 East Liberty Street
Reno, NV 89501

*Other Plaintiff's Counsel*

30

Aron D. Robinson
LAW OFFICES OF ARON D. ROBINSON
180 W. Washington, Suite 700
Chicago, IL 60602

Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, New York 10601

Matthew Harman
HARMAN LAW FIRM
3575 Piedmont Rd., Bld. 15, Ste. 1040
Atlanta, GA 30305

Shpetim Ademi
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, WI 53110

*Plaintiff's Executive Committee*

Marc A. Wites
WITES LAW FIRM
4400 North Federal Highway
Lighthouse Point, FL 33064

Jeffrey R. Krinsk
FINKELSTEIN and KRINSK LLP
550 West C. Street Suite 1760
San Diego, CA 92101

David C. O'Mara
THE O'MARA LAW FIRM
311 East Liberty Street
Reno, NV 89501

*Other Plaintiff's Counsel*

30

_____

Aron D. Robinson
LAW OFFICES OF ARON D. ROBINSON
180 W. Washington, Suite 700
Chicago, IL 60602

_____

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, New York 10601

_____

Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041

_____

Matt Harman
HARMAN LAW FIRM
3414 Peachtree Road NE Suite 1250
Atlanta, GA 30326

_____

Shpetim Ademi
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, WI 53110

*Plaintiff's Executive Committee*

_____

Marc A. Wites
WITES LAW FIRM
4400 North Federal Highway
Lighthouse Point, FL 33064

_____

Jeffrey R. Krinsk
FINKELSTEIN and KRINSK LLP
550 West C. Street Suite 1760
San Diego, CA 92101

_____

David C. O'Mara
THE O'MARA LAW FIRM
311 East Liberty Street
Reno, NV 89501

*Other Plaintiff's Counsel*

30



Aron D. Robinson
LAW OFFICES OF ARON D. ROBINSON
180 W. Washington, Suite 700
Chicago, IL 60602

Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, New York 10601

Matt Harman
HARMAN LAW FIRM
3414 Peachtree Road NE Suite 1250
Atlanta, GA 30326

Shpetim Ademi
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, WI 53110

*Plaintiff's Executive Committee*

Marc A. Wites
WITES LAW FIRM
4400 North Federal Highway
Lighthouse Point, FL 33064

Jeffrey R. Krinsk
FINKELSTEIN and KRINSK LLP
550 West C. Street Suite 1760
San Diego, CA 92101

David C. O'Mara
THE O'MARA LAW FIRM
311 East Liberty Street
Reno, NV 89501

*Other Plaintiff's Counsel*

30

---

Aron D. Robinson
LAW OFFICES OF ARON D. ROBINSON
180 W. Washington, Suite 700
Chicago, IL 60602

---

Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041

---

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, New York 10601

---

Matt Harman
HARMAN LAW FIRM
3414 Peachtree Road NE Suite 1250
Atlanta, GA 30326

---

Shpetim Ademi
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, WI 53110

*Plaintiff's Executive Committee*

---

Marc A. Wites
WITES LAW FIRM
4400 North Federal Highway
Lighthouse Point, FL 33064

---

Jeffrey R. Krinsk
FINKELSTEIN and KRINSK LLP
550 West C. Street Suite 1760
San Diego, CA 92101

---

David C. O'Mara
THE O'MARA LAW FIRM
311 East Liberty Street
Reno, NV 89501

*Other Plaintiff's Counsel*

30

Aron D. Robinson
LAW OFFICES OF ARON D. ROBINSON
180 W. Washington, Suite 700
Chicago, IL 60602

Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, New York 10601

Matt Harman
HARMAN LAW FIRM
3414 Peachtree Road NE Suite 1250
Atlanta, GA 30326

Shpetim Ademi
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, WI 53110

*Plaintiff's Executive Committee*

Marc A. Wites
WITES LAW FIRM
4400 North Federal Highway
Lighthouse Point, FL 33064

Jeffrey R. Krinsk
FINKELSTEIN and KRINSK LLP
550 West C. Street Suite 1760
San Diego, CA 92101

David C. O'Mara
THE O'MARA LAW FIRM
311 East Liberty Street
Reno, NV 89501

*Other Plaintiff's Counsel*

30

Aron D. Robinson
LAW OFFICES OF ARON D. ROBINSON
180 W. Washington, Suite 700
Chicago, IL 60602

Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, New York 10601

Matt Harman
HARMAN LAW FIRM
3414 Peachtree Road NE Suite 1250
Atlanta, GA 30326

Shpetim Ademi
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, WI 53110

*Plaintiff's Executive Committee*

Marc A. Wites
WITES LAW FIRM
4400 North Federal Highway
Lighthouse Point, FL 33064

Jeffrey R. Krinsk
FINKELSTEIN and KRINSK LLP
550 West C. Street Suite 1760
San Diego, CA 92101

David C. O'Mara
THE O'MARA LAW FIRM
311 East Liberty Street
Reno, NV 89501

*Other Plaintiff's Counsel*

30

# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARSHALL SMITH, BRANDON HERMAN, CHAD PATTERSON, JEFFERY ROBERTS, MICHAEL WILL, SUSAN WINSTEAD, ROBERT BOHANNON, HOLLY BUCKINGHAM, RICHARD MORELLO, JR., ROBERT HARRIS, AMANDA LARISCY, CHARLES NEWMAN, and PAUL CHRISTIANSEN, individually and on behalf of all similarly situated persons,<br><br>     Plaintiffs,<br><br>  v.<br><br>COMPLYRIGHT, INC., a Minnesota corporation,<br><br>     Defendant. | **Civil Action No**. **1:18-cv-4990**<br><br>**CLASS ACTION**<br><br>**Jury Trial Demanded**<br><br>**Hon. Edmond E. Chang** |

**DECLARATION OF CARLA A. PEAK**
**ON SETTLEMENT NOTICE PROCEDURES**

I, CARLA A. PEAK, declare as follows:

    1.    I have personal knowledge of the matters set forth herein, and I believe them to be true and correct. I am the Vice President of Legal Notification Services at KCC Class Action Services ("KCC").

    2.    I was retained by the parties to design a notice program (the "Notice Plan" or "Notice Program") and forms of notice (the "Notice" or "Notices") to reach Settlement Class Members in this case.

3.     This Declaration describes my experience, as well as KCC's experience. It also describes the Notice Program designed for this settlement, including why I believe it will be effective and will constitute the best notice practicable under the circumstances, pursuant to Fed. R. Civ. P. 23(c)(2)(B) ("Rule 23").

## EXPERIENCE

4.     KCC is a leading class action administration firm that provides comprehensive class action services, including legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, claims processing, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, and other related services critical to the effective administration of class action settlements. With more than thirty years of industry experience,[1] KCC has developed efficient, secure and cost-effective methods to properly handle the voluminous data and mailings associated with the noticing, claims processing and disbursement requirements of these matters to ensure the orderly and fair treatment of class members and all parties in interest. Since 1984, KCC has been retained to administer more than 6,000 class actions and distributed settlement payments totaling well over $20 billion in assets.

5.     KCC has administered class action administrations for such defendants as HP-Compaq, LensCrafters, United Parcel Service, Ford, Mitsubishi, Nissan, Whirlpool, ATI Video Cards, and Twentieth Century Fox. Further, KCC has been retained as the administrator in a variety of consumer matters. Some consumer case examples which KCC has been involved with include: *Rikos v. The Procter & Gamble Company*, No. 1:11-cv-00226 (S.D. Ohio); *Eck v. City of Los Angeles*, No. BC577028 (Super. Ct. Cal.); *Rafofsky v. Nissan North America, Inc.*, No. 2:15-cv-01848 (C.D. Cal.); *Mullins v. Direct Digital,*

---

[1] KCC acquired Gilardi & Co. LLC in 2015. This declaration combines the class action notice and administration experience of both firms.

DECLARATION OF CARLA A. PEAK ON SETTLEMENT NOTICE PROCEDURES

*LLC*, No. 1:13-cv-01829 (N.D. Ill.); *In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litig.*, No. 1:15-cv-01364 (N.D. Ill.); *Russell v. Kohl's Department Stores, Inc.*, No. 5:15-cv-01143 (C.D. Cal.); *In re: Sears, Roebuck and Co. Front-Loader Washer Products Liability Litig.*, No. 1:06-cv-07023 (N.D. Ill.); *Lerma v. Schiff Nutrition International, Inc.*, No. 3:11-CV-01056 (S.D. Cal.); *Cobb v. BSH Home Appliances Corp.*, No. 8:10-CV-0711 (C.D. Cal.); *Roberts v. Electrolux Home Products, Inc*., No. 8:12-CV-01644 (C.D. Cal.); *Poertner v. The Gillette Co. and The Procter & Gamble Co.*, No. 6:12-CV-00803 (M.D. Fla.); *Cappalli v. BJ's Wholesale Club, Inc.*, No. 1:10-CV-00407 (D. R.I.); and *Beck-Ellman v. Kaz USA, Inc.*, (June 11, 2013) No. 3:10-cv-02134 (S. D. Cal.).

6.     I have personally been involved in many of the largest and most significant cases, including *In re Anthem, Inc. Data Breach Litigation*, No. 5:15-md-02617 (N.D. Cal.), the largest health care data breach class action involving over 78 million consumers; *In re: The Home Depot, In., Customer Data Security Breach Litig.*, No. 1:14-md-02583 (N.D. Ga.), a national data breach class action involving over 40 million consumers who made credit or debit card purchases in a Home Depot store; *In re: Skelaxin (Metaxalone) Antitrust Litigation*, No. 1:12-md-02343 (E.D. Tenn.), a multi-state antitrust settlement involving both third party payors and consumers that purchased or paid for the brand and generic version of the prescription drug metaxalone; *Chambers v. Whirlpool Corporation*, No. 8:11-cv-01733 (C.D. Cal.), a national product defect case involving class members who experienced or may experience the overheating of an automatic dishwasher control board; *In re Trans Union Corp. Privacy Litigation*, MDL No. 1350 (N.D. Ill.), perhaps the largest discretionary class action notice campaign involving virtually every adult in the United States and informing them about their rights in the $75 million data breach settlement; and *In re Residential Schools Litigation*, No. 00-CV-192059 (Ont. S.C.J.), the largest and most complex class action in Canadian history incorporating a groundbreaking

DECLARATION OF CARLA A. PEAK ON SETTLEMENT NOTICE PROCEDURES

notice program to disparate, remote aboriginal persons qualified to receive benefits in the multi-billion dollar settlement.

7.  I have also personally been involved in numerous data breach cases. For example, *In re Experian Data Breach Litigation*, No. 8:15-cv-01592 (C.D. Cal.); *In re Arby's Restaurant Group, Inc. Data Security Litigation*, No. 1:17-cv-1035 (N.D. Ga.); *In re Sonic Corp. Customer Data Breach Litigation*, No. 1:17-md-02807 (N.D. Ohio); *Torres v. Wendy's International LLC*, No. 6:16-cv-210 (M.D. Fla.); *In re Anthem, Inc. Data Breach Litigation*, No. 15-md-02617 (N.D. Cal.); *In re: The Home Depot, In., Customer Data Security Breach Litig.,* No. 1:14-md-02583 (N.D. Ga.); and *In re Yapstone Data Breach*, No. 4:15-cv-04429 (N.D. Cal.).

8.  In forming my opinions, I draw from my in-depth class action case experience. I have worked in the class action notification field for over 15 years. During that time, I have been involved in all aspects of the design and implementation of class action notice planning, as well as the drafting of plain language notice documents that satisfy the requirements of Rule 23 and adhere to the guidelines set forth in the *Manual for Complex Litigation, Fourth* and by the Federal Judicial Center ("FJC").

**NOTICE PLAN OVERVIEW**

9.  The proposed Notice Plan utilizes individual notice to all identifiable Settlement Class Members. The individual notice effort is expected to reach approximately 90% or more of likely Settlement Class Members.

10.  The expected reach of the Notice Program is consistent with other effective court-approved settlement notice programs and is designed to meet due process requirements. The FJC's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (the "FJC Checklist") considers 70-95% reach among class members to be a "high percentage" and reasonable.

DECLARATION OF CARLA A. PEAK ON SETTLEMENT NOTICE PROCEDURES

11.     KCC has also worked with the parties to develop various forms of notice for court approval. All forms of notice were designed to be noticeable, clear, concise, and written in plain, easily understood language.

## NOTICE PLAN DETAILS

### *Class Definition*

12.     The Settlement Class consists of all persons whose Personal Information was maintained on ComplyRight's website during the Data Breach that occurred from at least April 20, 2018 through May 22, 2018, including all persons who were sent the July 13, 2018 letter informing them of the Data Breach. The following Persons are specifically excluded from the Settlement Class: (a) individuals who are or were during the Data Breach officers or directors of ComplyRight; (b) any person found to be criminally involved in the Data Breach; and (c) any judge presiding over this matter.

### *Individual Notice*

13.     The Defendant will provide KCC with a comprehensive list of Settlement Class Member names, email addresses, and postal addresses (the "Class List").

14.     KCC will send a notice via email ("Email Notice") to every Settlement Class Member for whom an email address exists on the Notice List. The Email Notice content will be included in the body of the email, rather than as an attachment, to avoid spam filters and improve deliverability. The email will also contain a link to the case website.

15.     The email delivery will be attempted three times. The email campaign will return data regarding the number of emails successfully delivered and email bouncebacks. Upon the third email bounceback for an individual Settlement Class Member, KCC will send a Postcard Notice via United States Postal Service (USPS), provided a physical address has been successfully identified.

DECLARATION OF CARLA A. PEAK ON SETTLEMENT NOTICE PROCEDURES

16.    KCC will send a Postcard Notice via United States Postal Service (USPS) to all Settlement Class Members for whom an email address has not been provided, so long as a physical address has been successfully identified.

17.    Prior to mailing, the postal addresses will be checked against the National Change of Address (NCOA)[2] database maintained by USPS; certified via the Coding Accuracy Support System (CASS);[3] and verified through Delivery Point Validation (DPV).[4]

18.    Notices returned by USPS as undeliverable will be re-mailed to any address available through postal service forwarding order information. For notices returned by USPS as undeliverable without a forwarding address, address searches using credit bureau information will be conducted and the notices will be re-mailed to those Settlement Class Members for whom updated address information is located.

### Case Website

19.    KCC will establish and maintain a case specific website to allow Settlement Class Members the ability to obtain additional information and documents about the settlement, as well as file a claim online. The case website will allow users to read, download, and print the Detailed Notice, Settlement Agreement, Preliminary Approval Order, Claim Form, Motion for Award of Attorneys' Fees, Costs, and Expenses, and Representative Plaintiff Service Awards (when filed), and Motion for Final Approval of Class Action Settlement Agreement (when filed). Settlement Class Members will also be

---

[2] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[3] Coding Accurate Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[4] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

DECLARATION OF CARLA A. PEAK ON SETTLEMENT NOTICE PROCEDURES

able to review a list of Frequently Asked Questions and Answers, important dates and deadlines, as well as obtain contact information for the settlement administrator. The website address will be displayed and accessible through a hyperlink embedded in the Email Notices, as well as prominently displayed in the Postcard Notices.

### *Toll-Free Telephone Number*

20.     KCC will establish and host a case specific toll-free number allowing Settlement Class Members to learn more about the settlement in the form of Frequently Asked Questions and Answers. It will also allow Settlement Class Members to request to have a Detailed Notice and Claim Form mailed directly to them. The toll-free number will be displayed in the Email Notice, Postcard Notice, Detailed Notice, and on the case website.

### *Case P.O. Box*

21.     KCC will establish and monitor a case mailbox where Settlement Class Members may submit exclusion requests, Claim Forms and other case correspondence.

### NOTICE DESIGN AND CONTENT

22.     KCC worked with the parties to develop the various notice documents proposed for this case. The Notices were designed to satisfy the requirements of Rule 23, adhere to the guidelines set forth in the *Manual for Complex Litigation, Fourth*, and comply with the FJC's Illustrative Forms of Class Action Notices.

23.     The Email and Postcard Notices contain a plain language summary of all the key information about Settlement Class Members' rights and options. In addition to plain language summary, the Detailed Notice includes a summary page, providing an overview of important information, and a table highlighting key options available to Settlement Class Members. The question and answer format makes it easy to find answers to common questions by organizing the information and breaking it up into simple

DECLARATION OF CARLA A. PEAK ON SETTLEMENT NOTICE PROCEDURES

headings. Many courts have approved notices that have been written and designed in a similar fashion.

24.     The notice documents have been designed to be noticeable and understandable. They are informative, reasonably convey all required information, and afford adequate time for those interested to act on their rights or make their appearance. The Notices proposed for this case are attached as Exhibits C–E to the Settlement Agreement.

## CONCLUSION

25.     In my opinion, the Notice Program proposed for this case is consistent with other effective settlement notice programs. It is the best notice practicable and meets the "desire to actually inform" due process communications standard of *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950). It provides the same reach and frequency evidence that courts have approved and that has withstood appellate scrutiny, other expert critiques, as well as collateral review. The Notice Program and notice documents are consistent with the guidelines set forth in Rule 23, the *Manual for Complex Litigation, Fourth*, and the FJC Checklist.

I, Carla A. Peak, declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of May, 2019, at Sellersville, Pennsylvania.

_Carla Peak_

Carla A. Peak

DECLARATION OF CARLA A. PEAK ON SETTLEMENT NOTICE PROCEDURES

# Exhibit B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL SMITH, BRANDON HERMAN, CHAD PATTERSON, JEFFERY ROBERTS, MICHAEL WILL, SUSAN WINSTEAD, ROBERT BOHANNON, HOLLY BUCKINGHAM, RICHARD MORELLO, JR., ROBERT HARRIS, AMANDA LARISCY, CHARLES NEWMAN, and PAUL CHRISTIANSEN, individually and on behalf of all similarly situated persons, | Civil Action No. 1:18-cv-4990 |
| | CLASS ACTION |
| Plaintiffs, | Jury Trial Demanded |
| | Hon. Edmond E. Chang |
| v. | |
| COMPLYRIGHT, INC., a Minnesota corporation, | |
| Defendant. | |

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, DIRECTING NOTICE TO THE SETTLEMENT CLASS, AND SCHEDULING FINAL FAIRNESS HEARING

WHEREAS, this matter coming before the Court pursuant to Representative Plaintiffs' motion for preliminary approval of the Class Action Settlement Agreement dated May 20, 2019 (the "Settlement");

WHEREAS, having reviewed and considered the Settlement, Representative Plaintiffs' Motion for Preliminary Approval of the Settlement, and all documents and exhibits filed in connection therewith, having held a preliminary approval hearing on May 23, 2019, and otherwise being duly advised in the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED:

I. **PRELIMINARY APPROVAL OF THE SETTLEMENT**

1.     Representative Plaintiffs' Motion for Preliminary Approval is GRANTED. The terms defined in the Settlement shall have the same meaning in this Order.

2.     The terms of the Settlement are preliminarily approved as fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005 ("CAFA"), are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the Notice Program, and are subject to further and final consideration at the Final Fairness Hearing provided for below. In making this determination, the Court has considered the current posture of the Litigation, the benefits of the Settlement to the Settlement Class, and the risks and benefits of continuing litigation to the Settling Parties and the Settlement Class.

II. **THE SETTLEMENT CLASS, REPRESENTATIVE PLAINTIFFS, AND CO-LEAD SETTLEMENT CLASS COUNSEL**

3.     Having made the findings set forth below, the Court finds that a Settlement Class defined as follows is likely to be certified for settlement purposes only at the Final Fairness Hearing: "All persons whose Personal Information was maintained on ComplyRight's website during the Data Breach that occurred from at least April 20, 2018 through May 22, 2018, including all persons who were sent the July 13, 2018 letter informing them of the Data Breach." Excluded from the Settlement Class are: (a) individuals who are or were during the Data Breach officers or directors of ComplyRight; (b) any person found to be criminally involved in the Data Breach; and (c) any judge presiding over this matter.

4.     The Court provisionally finds, for the purposes of settlement only and conditioned upon entry of an Order finally approving the Settlement as fair, reasonable, and adequate, that the class action requirements of Fed. R. Civ. P. 23(a) and (b)(3) are likely to be satisfied at the final

approval stage in that: (a) Settlement Class Members are so numerous that joinder of all members is impracticable; (b) important questions of law or fact exist that are common to all Settlement Class Members; (c) the claims of Representative Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent; (d) Representative Plaintiffs and Co-Lead Settlement Class Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is the superior method to fairly and efficiently adjudicate this controversy.

5.      The Court appoints the following individuals as representatives of the Settlement Class: Marshall Smith, Brandon Herman Chad Patterson, Jeffery Roberts, Michael Will, Susan Winstead, Robert Bohannon, Holly Buckingham, Richard Morello, Jr., Robert Harris, Amanda Lariscy, Charles Newman, and Paul Christiansen.

6.      The Court finds that Ben Barnow and Erich P. Schork, Barnow and Associates, P.C., and Laurence D. King and Matthew B. George, Kaplan Fox & Kilsheimer LLP, are experienced class action litigators who have and will continue to fairly and adequately represent the interests of the Settlement Class. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints, Ben Barnow, Erich P. Schork, Laurence D. King, and Matthew B. George as Co-Lead Settlement Class Counsel.

7.      As provided for in the Settlement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the preliminary certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class

had never been preliminarily certified for settlement purposes only, without prejudice to any party's position on the issue of class certification or any other issue.

### III.    NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS

8.    The Court appoints Kurtzman Carson Consultants LLC ("KCC") as the Settlement Administrator. The responsibilities of the Settlement Administrator are set forth in the Settlement. Not later than fourteen (14) days prior to the date in the Postcard Notice for the Final Fairness Hearing, the Settlement Administrator shall provide to Co-Lead Settlement Class Counsel for filing with the Court: (a)  a list of those persons who timely and validly excluded themselves from the Settlement; and (b) detailing the scope, methods, and results of the Notice Program.

9.    The Court has considered the Notice provisions in the Settlement, the Class Notice methodology set forth in the Declaration of Carla A. Peak attached as Exhibit A to the Settlement (the "Notice Program"), and the Email Notice, Postcard Notice, and Detailed Notice, attached as Exhibits C–E of the Settlement, respectively. The Court finds that the direct emailing and mailing of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23(c), applicable law, and due process. The Court approves as to form and content the Email Notice, Postcard Notice, and Detailed Notice in the forms attached as Exhibits C, D, and E, respectively, to the Settlement. The Court orders the Settlement Administrator to commence the Notice Program as soon as practicable following entry of this Order.

10.    The Court approves as to form and content the Claim Form attached as Exhibit F to the Settlement.

11.     Settlement Class Members who qualify for and wish to submit a Claim Form under the Settlement shall do so in accordance with the requirements and procedures of the Settlement and the Claim Form. The Claims deadline is sixty (60) days after the date in the Postcard Notice for the Final Fairness Hearing. All Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures of the Settlement and Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement and the releases contained therein.

**IV.     REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS**

12.     Each Person wishing to opt out of the Settlement Class shall sign (individually, or, if the Person opting out is less than 18 years of age, through the signature of a parent, legal guardian or other legal representative) and timely mail written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than twenty-one (21) days prior to the date in the Postcard Notice for the Final Fairness Hearing (the "Opt-Out Date").

13.     Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits of nor be bound by the terms of the Settlement.

14.     Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement and all orders entered by the Court in connection therewith.

**V.     OBJECTIONS**

15.     Each Settlement Class Member wishing to object to the Settlement shall submit a timely written notice of his or her objection. Such notice shall state:  (i) the objector's full name,

address, telephone number, and email address; (ii) information identifying the objector as a Settlement Class Member, including proof that they are a member of the Settlement Class, (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who may appear at the Final Fairness Hearing; (vi) all other cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement, has been a named plaintiff in any class action, or has served as lead plaintiff class counsel, including the case name, court, and docket number for each; (vii) a certificate of good standing from the highest court of the state in which objector's counsel is admitted to practice law; (viii) documents sufficient to show the results of any sanctions, investigations, or disciplinary proceedings against objector's counsel (ix) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (x) a statement confirming whether the objector intends to personally appear or testify at the Final Fairness Hearing; and (xi) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).

To be timely, written notice of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Northern District of Illinois, at the address where filings are accepted by the Clerk, twenty-one (21) days prior to the date set in the Postcard Notice for the Final Fairness Hearing, and served concurrently therewith upon (a) Co-Lead Settlement Class Counsel Ben Barnow and Erich P. Schork, Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, IL 60602; (b) Co-Lead Settlement Class Counsel Laurence D. King and Matthew B. George, Kaplan Fox & Kilsheimer LLP, 350 Sansome Street, Suite 400, San

Francisco, CA 94104; and (c) ComplyRight's counsel, Hsiao C. (Mark) Mao, Troutman Sanders LLP, 580 California Street, Suite 1100, San Francisco, CA 94104.

16.     Unless otherwise ordered by the Court, any Settlement Class Member who does not timely object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment approving the Settlement, and Co-Lead Settlement Class Counsel's application for an award of attorneys' fees, costs, expenses, and Representative Plaintiff service awards.

## VI.     THE FINAL FAIRNESS HEARING

17.     The Court will hold a Final Fairness Hearing on _____, 2019, at _____, in Courtroom 2119, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, to determine: (a) whether the Settlement Class should be certified for settlement purposes only; (b) whether the Settlement should be finally approved as fair, reasonable, and adequate; and (c) whether, and in what amount, attorneys' fees, costs, and expenses, and Representative Plaintiff service awards should be awarded. The Final Fairness Hearing may be continued by the Court without further notice to the Settlement Class.

18.     No later than seven (7) days prior to the date in the Postcard Notice for the Final Fairness Hearing, Co-Lead Settlement Class Counsel shall file, and Defendant may file, with the Court their motion for final approval of the Settlement and any memorandum or other materials in support of final approval of the Settlement.

19.     No later than forty-two (42) days prior to the date in the Postcard Notice for the Final Fairness Hearing, Co-Lead Settlement Class Counsel shall file with the Court a motion for award of attorneys' fees, costs, and expenses, and Representative Plaintiff service awards.

## VII.    OTHER PROVISIONS

20.    The Settling Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement.

21.    The Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.


IT IS SO ORDERED.


Dated: _____                    _____
                                                  Honorable Edmond E. Chang
                                                  United States District Judge

# Exhibit C

To:

From:

Subject: ComplyRight Data Breach Settlement

**If your personal information was maintained on ComplyRight's website during the 2018 data breach or you received a letter about the data breach, you may be entitled to benefits from a class action settlement.**

A Settlement has been proposed in a class action lawsuit against ComplyRight, Inc. ("ComplyRight") relating to a Data Breach where an unauthorized person or persons illegally intruded into its website without authorization and accessed and/or viewed names, addresses, telephone numbers, email addresses, and Social Security numbers ("Personal Information") from at least April 20, 2018 through May 22, 2018 (the "Data Breach"). ComplyRight denies all liability.

**Who is included?** ComplyRight's records indicate that you are included in the Settlement. The Settlement includes everyone whose Personal Information was maintained on ComplyRight's website during the Data Breach occurring from at least April 20, 2018 through May 22, 2018, including everyone who ComplyRight sent a July 13, 2018 letter to informing them of the Data Breach ("Settlement Class Members").

**What does the Settlement provide?** The Settlement provides Settlement Class Members with their choice of a protection plan consisting of a two-year subscription to MyIDCare®, or an estimated $50 cash payment, or up to $200 reimbursement of certain documented time ($15 per hour for up to 3 hours) and expenses related to the Data Breach.

ComplyRight has agreed to pay a total of $3,025,000 into a Settlement Fund. After deducting the costs of notice and settlement administration (up to $300,000), Court-approved attorneys' fees, costs and expenses, and Representative Plaintiff service awards, the net Settlement Fund will be used to pay Settlement Class Members who submit valid Claims and select the Cash or Reimbursement Options. ComplyRight will also pay for all costs associated with valid Claims for the Protection Plan.

**How do I get a benefit?** Go to www.[website].com and file a claim online or download, print, complete, and mail a Claim Form to the Settlement Administrator. Claim Forms are also available by calling 1-___-___-____. Claim Forms must be submitted online or postmarked by Month __, 2019. You may only select one benefit.

**What are my other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by Month __ 2019. Unless you exclude yourself from the Settlement, you will not be able to sue the ComplyRight or its related parties for any claim released by the Settlement Agreement. If you do not exclude yourself from the Settlement, you may object and notify the Court that you or your lawyer intend to appear at the Court's fairness hearing. Objections are due Month __, 2019. For more information, including the Detailed Notice and Settlement Agreement, call or go to www.[website].com.

**The Court's Fairness Hearing.** The U.S. District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois 60604, will hold a hearing in this case (*Winstead v. ComplyRight, Inc*., No. 1:18-cv-4990) on Month __, 2019, at __:_0 _.m. At the Fairness Hearing, the Court will decide whether to approve: (1) the Settlement; and (2) Class Counsel's request for $908,333 in attorneys' fees, reimbursement of costs and expenses, and service awards of $2,500 to each of the Representative Plaintiffs. You may appear at the hearing, but you do not have to. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**How Do I Get More Information?** For a Detailed Notice, Settlement Agreement and Claim Form visit www.[website].com, call 1-___-___-____, or write to ComplyRight Settlement Administrator, P.O. Box _____, Louisville, KY _____-____.

# Exhibit D

<u>LEGAL NOTICE</u>

**If your personal information was maintained on ComplyRight's website during the 2018 data breach or you received a letter about the data breach, you may be entitled to benefits from a class action settlement.**

*A federal district court authorized this Notice.*

**1-___-___-____
www.[website].com**



*ComplyRight Settlement Administrator*
P.O. Box _____
Louisville, KY _____-____

First-Class
Mail
US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

A Settlement has been proposed in a class action lawsuit against ComplyRight, Inc. ("ComplyRight") relating to a Data Breach where an unauthorized person or persons illegally intruded into its website without authorization and accessed or viewed names, addresses, telephone numbers, email addresses, and Social Security numbers ("Personal Information") from at least April 20, 2018 through May 22, 2018 (the "Data Breach"). ComplyRight denies all liability.

**Who is included?** ComplyRight's records indicate that you are included in the Settlement. The Settlement includes everyone whose Personal Information was maintained on ComplyRight's website during the Data Breach occurring from at least April 20, 2018 through May 22, 2018, including everyone who ComplyRight sent a July 13, 2018 letter to informing them of the Data Breach ("Settlement Class Members").

**What does the Settlement provide?** The Settlement provides Settlement Class Members with their choice of a protection plan consisting of a two-year subscription to MyIDCare®, or an estimated $50 cash payment, or up to $200 reimbursement of certain documented time ($15 per hour for up to 3 hours) and expenses related to the Data Breach.

ComplyRight has agreed to pay a total of $3,025,000 into a Settlement Fund. After deducting the costs of notice and settlement administration (up to $300,000), and Court-approved attorneys' fees, costs and expenses, and Representative Plaintiff service awards, the net Settlement Fund will be used to pay Settlement Class Members who submit valid Claims and select the Cash or Reimbursement Options. ComplyRight will also pay for all costs associated with valid Claims for the Protection Plan.

**How do I get a benefit?** Go to www.[website].com and file a claim online or download, print, complete, and mail a Claim Form to the Settlement Administrator. Claim Forms are also available by calling 1-___-___-____. Claim Forms must be submitted online or postmarked by **Month __, 2019**. You may only select one benefit.

**What are my other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month __ 2019**. Unless you exclude yourself from the Settlement, you will not be able to sue ComplyRight or its related parties for any claim released by the Settlement Agreement. If you do not exclude yourself from the Settlement, you may object and notify the Court that you or your lawyer intend to appear at the Court's fairness hearing. Objections are due **Month __, 2019**. For more information, including the Detailed Notice and Settlement Agreement, call or go to www.[website].com.

**The Court's Fairness Hearing.** The U.S. District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois 60604, will hold a hearing in this case (*Winstead v. ComplyRight, Inc.*, No. 1:18-cv-4990) on **Month __, 2019**, at __:_0_.m. At the Fairness Hearing, the Court will decide whether to approve: (1) the Settlement; and (2) Class Counsel's request for $908,333 in attorneys' fees, reimbursement of costs and expenses, and service awards of $2,500 to each of the Representative Plaintiffs. You may appear at the hearing, but you do not have to. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

# Exhibit E

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

# If your personal information was maintained on ComplyRight's website during the 2018 data breach you may be entitled to benefits from a class action settlement.

*A federal district court authorized this Notice. This is not junk mail, an advertisement, or a solicitation from a lawyer.*

- A Settlement has been proposed in a class action lawsuit against ComplyRight, Inc. ("Defendant") relating to a Data Breach where an unauthorized person or persons illegally intruded into its website without authorization and accessed or viewed names, addresses, telephone numbers, email addresses, and Social Security numbers ("Personal Information") between April 20, 2018 and May 22, 2018 (the "Data Breach").

- If your Personal Information was maintained on ComplyRight's website during the Data Breach that occurred from at least April 20, 2018 through May 22, 2018 you are included in this Settlement as a "Settlement Class Member". If You were sent a July 13, 2018 letter informing you of the Data Breach you are a Settlement Class Member.

- The Settlement provides Settlement Class Members with their choice of one of three options:

  - o the protection plan (credit monitoring, credit monitoring protection, dark web monitoring, fully managed recovery, $1,000,0000 insurance coverages for reimbursement of losses related to the Data Breach, lost wallet assistance, and 24-hour customer service), or
  - o a cash payment (estimated to be $50), or
  - o up to $200 reimbursement of certain expenses.

- Your legal rights are affected regardless of whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you can get one of the benefits from this Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Do not get a Settlement benefit. This is the only option that allows you to be part of any other lawsuit against the Defendant for the legal claims made in this case and released by the Settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court with reasons why you do not agree with the Settlement. |
| **GO TO THE FINAL FAIRNESS HEARING** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Fairness Hearing. |
| **DO NOTHING** | You will not get a benefit from this Settlement and you will give up certain legal rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice. For complete details, view the Settlement Agreement, available at www.[website].com, or call 1-___-___-____.

- The Court in charge of this case still has to decide whether to approve the Settlement. If the Court denies final approval, the Settlement will be null and void and the litigation will continue with the Defendant.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 3

   1. Why is this Notice being provided?
   2. What is this lawsuit about?
   3. What is a class action?
   4. Why is there a Settlement?

WHO IS INCLUDED IN THE SETTLEMENT?. . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 3

   5. How do I know if I am part of the Settlement?
   6. Are there exceptions to being included in the Settlement?
   7. I am still not sure if I am included.

THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 4

   8. What does the Settlement provide?
   9. Tell me more about the Protection Plan option.
   10. Tell me more about the Cash option.
   11. Tell me more about the Reimbursement option.
   12. What if I enrolled in ComplyRight's previous credit monitoring and Identity theft protection services?

HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 5

   13. How do I get a Settlement benefit?
   14. When will I get my Settlement benefit?
   15. What am I giving up to get a Settlement benefit or stay in the Settlement?
   16. What are the Released Claims?

EXCLUDING YOURSELF FROM THE SETTLEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . PAGE 6

   17. How do I get out of the Settlement?
   18. If I exclude myself, can I still get a benefit from the Settlement?
   19. If I do not exclude myself, can I sue the Defendant for the same thing later?

THE LAWYERS REPRESENTING YOU . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 6

   20. Do I have a lawyer in this case?
   21. How will Co-Lead Settlement Class Counsel be paid?

OBJECTING TO THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 6

   22. How do I tell the Court that I do not like the Settlement?
   23. What is the difference between objecting to and excluding myself from the Settlement?

THE COURT'S FINAL FAIRNESS HEARING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 7

   24. When and where will the Court decide whether to approve the Settlement?
   25. Do I have to come to the Final Fairness Hearing?
   26. May I speak at the Final Fairness Hearing?

IF YOU DO NOTHING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 8

   27. What happens if I do nothing?

GETTING MORE INFORMATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 8

   28. Are more details about the Settlement available?
   29. How do I get more information?

BASIC INFORMATION

| 1. Why is this Notice being provided? |
|---|

The Court directed that this Notice be provided because you have a right to know about a proposed Settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval to the Settlement. If the Court approves the Settlement, and after objections or appeals, if any, are resolved, the Settlement Administrator appointed by the Court will distribute the benefits that the Settlement allows. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Northern District of Illinois. The case is known as *Winstead v. ComplyRight, Inc.*, No. 1:18-cv-4990 (N.D. Ill.) (the "Action"). The people who filed the lawsuit are called Plaintiffs and the company they sued, ComplyRight, Inc., is called the Defendant.

| 2. What is this lawsuit about? |
|---|

Plaintiffs claim that ComplyRight failed to implement and maintain reasonable security measures to protect the Personal Information (such as names, addresses, telephone numbers, email addresses, and Social Security numbers) in its possession. Plaintiffs also claim that ComplyRight knew or should have known the risks of collecting and storing Personal Information as well as the importance of maintaining secure systems and should have identified the vulnerabilities in order to prevent the Data Breach from occurring.

ComplyRight has and continues to deny all of the claims made in the Action, as well as all charges of wrongdoing or liability against them.

| 3. What is a class action? |
|---|

In a class action, one or more people called Representative Plaintiffs (in this case, Marshall Smith, Brandon Herman, Chad Patterson, Jeffrey Roberts, Michael Will, Susan Winstead, Robert Bohannon, Holly Buckingham, Richard Morello, Jr., Robert Harris, Amanda Lariscy, Charles Newman, and Paul Christiansen) sue on behalf of people who have similar claims. Together, all these people are called a Class or Class Members. One Court and one judge–in this case, United States District Judge Edmond E. Chang–resolves the issues for all Class Members, except for those who exclude themselves from the Settlement Class.

| 4. Why is there a Settlement? |
|---|

The Court did not decide in favor of the Plaintiffs or the Defendant. Instead, the Plaintiffs negotiated a Settlement with the Defendant that allows them to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. It also allows Settlement Class Members to be compensated without further delay. Representative Plaintiffs and their attorneys think the Settlement is best for all Settlement Class Members.

WHO IS INCLUDED IN THE SETTLEMENT?

| 5. How do I know if I am part of the Settlement? |
|---|

You are part of this Settlement as a Settlement Class Member if your Personal Information was maintained on ComplyRight's website during the Data Breach that occurred from at least April 20, 2018 through May 22, 2018, including if you were sent the July 13, 2018 letter informing you of the Data Breach.

On July 13, 2018, ComplyRight sent letters to Settlement Class Members informing them that between April 20, 2018, and May 22, 2018, an unauthorized person or persons illegally intruded into its website without authorization and accessed or viewed their name, address, telephone number, email address, and Social Security number. This information was entered into the website by, or on behalf of, employers or payers to prepare tax related forms, for example, forms 1099 and W-2.

| 6. Are there exceptions to being included in the Settlement? |
|---|

Yes. Excluded from the Settlement are individuals who are or were, during the Data Breach, officers, or directors of ComplyRight, any person found to be criminally involved in the Data Breach, and any judge presiding over this matter.

| 7. I am still not sure if I am included. |
|---|

QUESTIONS? CALL 1-___-___-____ TOLL-FREE OR VISIT WWW.[WEBSITE].COM

3

If you are still not sure whether you are included, you can call 1-___-___-____ or visit www.[website].com for more information; or, you can complete and submit a Claim Form to see if you qualify for a Settlement Benefit.

<u>**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**</u>

| **8. What does the Settlement provide?** |
|---|

The Settlement provides Settlement Class Members with their choice of (1) a Protection Plan, **or** (2) Cash payment, **or** (3) Reimbursement.

ComplyRight has agreed to pay a total of $3,025,000 into a Settlement Fund. After deducting the costs of notice and settlement administration (not to exceed $300,000), Court-approved attorneys' fees, costs and expenses, and Representative Plaintiff service awards, the net Settlement Fund will be used to pay Settlement Class Members who submit a valid Claim Form requesting a Cash payment or Reimbursement. In addition, ComplyRight will separately pay for all costs associated with valid Claim Forms requesting the Protection Plan.

ComplyRight has agreed to implement and maintain the following data security practices for a period of three years after the effective date of the Settlement: (a) an information security program containing policies, procedures, and technical controls; (b) controls regarding authentication of users who access ComplyRight's website and controls designed to prevent access by users in locations where illegitimate use of the ComplyRight website could originate; (c) ComplyRight shall encrypt all Social Security numbers stored electronically; (d) regular and periodic training and education regarding the storage, handling, and destruction of personally identifiable information and nonpublic personal information for employees that handle those types of information; and (e) annual simulated penetration testing and procedures designed to monitor and address vulnerabilities to ComplyRight's information systems.

| **9. Tell me about the Protection Plan option.** |
|---|

Each Settlement Class Member who submits a valid Claim Form and opts to receive the Protection Plan will receive, free-of-charge, a two-year subscription to MyIDCare®, provided by ID Experts Corp. The MyIDCare® subscription will include, (1) credit monitoring by Experian (or another qualified company approved by Settlement Class Counsel), (2) dark web monitoring, (3) Fully Managed Recovery (full services), (4) $1,000,000 insurance coverage for reimbursement of losses attributable to the Data Breach (once enrolled), (5) Member Advisory Services, (6) Lost Wallet Assistance, and (7) 24-Hour Customer Service for each of the above. Complete details regarding this Protection Plan are available at https://www.myidcare.com/.

The Protection Plan:

- may be transferred to a Settlement Class Member's spouse, cohabitating significant other, or a child age 25 or younger ("Qualifying Family Member");
- will begin and run from the date the Settlement Class Member or the Qualifying Family Member activates the Protection Plan; and
- activation code will not expire until 12 months after the date the Settlement Class Member receives the activation code.

| **10. Tell me about the Cash option.** |
|---|

Each Settlement Class Member who submits a valid Claim Form and selects the Cash Option will receive an *estimated* $50 payment from the Settlement Fund.

NOTE: If the amount of money remaining in the Settlement Fund after deducting costs for notice and claims administration (up to $300,000), Court-approved attorneys' fees, costs, and expenses, and Court-approved Representative Plaintiff service awards ("Administrative Expenses") is more than the aggregate value of valid cash and reimbursement option claims, payments of cash and reimbursement claims will be increased pro rata to exhaust the Settlement Fund. Conversely, if the amount of money remaining in the net Settlement Fund after payment of Administrative Expenses is less than the aggregate value of valid cash and reimbursement claims, payments of cash and reimbursement claims will be decreased pro rata.

| **11. Tell me about the Reimbursement option.** |
|---|

Each Settlement Class Member who submits a valid Claim Form and selects the Reimbursement Option will receive up to $200 as reimbursement of certain documented expenses actually incurred as a result of the Data Breach that were not reimbursed by insurance or another third party.

The following losses and expenses are eligible for reimbursement if documentation is provided with the Claim Form:

- Documented Time—up to $15 per hour for a maximum of 3 hours ($45 total)—associated with visits and calls required to correct issues directly related to the Data Breach
- Out-of-pocket costs directly related to the Data Breach, such as the costs associated with purchasing police reports, late charges, overdraft fees or other fees, as well as other similar expenses directly related to the Data Breach and expended in good faith, at the Settlement Administrator's discretion.

| **12. What if I enrolled in ComplyRight's previous credit monitoring and identity theft protection services?** |
|---|

If you enrolled in ComplyRight's previous credit monitoring and identity theft protection services offered through TransUnion in ComplyRight's July 13 letter and your Reimbursement losses were incurred during the period of time covered under that service, you must make a claim under the insurance offered by the TransUnion service before submitting a Claim Form for Reimbursement from this Settlement.

### HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM

| **13. How do I get a Settlement benefit?** |
|---|

To qualify for a Settlement benefit, you must complete and submit a Claim Form by **Month __, 2019**. Claim Forms are available and may be filed online at www.[website].com. Claim Forms are also available by calling 1-___-___-____ or by writing to ComplyRight Settlement Administrator, P.O. Box _____, Louisville, KY _____-____.

| **14. When will I get my Settlement benefit?** |
|---|

The Court will hold a Final Fairness Hearing at __:_0_ .m. on Month __, 2019 to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether any appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Depending on the number of claims submitted, and whether any appeals are filed, the Claims Administrator *could* distribute payments as early as 60 days after the Settlement is approved and becomes final. Please be patient.

| **15. What am I giving up to get a Settlement benefit or stay in the Settlement?** |
|---|

Unless you exclude yourself from the Settlement, you will release certain legal claims as they relate to the Settlement. This means that you will no longer be able to sue, continue to sue, or be part of any other lawsuit against ComplyRight about the claims made in this Action and released by the Settlement Agreement. You will be legally bound by all of the Court's orders, as well as the "Released Claims," below. You may exclude yourself from the Settlement (*see* Questions 17–19). If you exclude yourself from the Settlement, you will not be bound by any of the Released Claims.

| **16. What are the Released Claims?** |
|---|

"Released Claims" mean any and all claims that either have been asserted or could have been asserted by any Settlement Class Member against any of the Released Persons (ComplyRight and any of its past or present directors, officers, or employees who have not been charged with criminal activity related to the Data Breach) based on, relating to, concerning or arising out of the allegations, facts, or circumstances alleged in the Litigation. Released Claims specifically include claims stemming from the Data Breach that may have been or could have been asserted whether known or unknown, by any Settlement Class Member against any person or entity that could seek indemnification or contribution from any of the Released Persons in respect of such Claim.

Released Claims do not include: claims by any individual Settlement Class Member against any card-issuing financial institution brought on an individual, case-by-case basis for reimbursement or waiver of purportedly fraudulent card charges (or other charges by the card-issuing financial institution in connection with purportedly fraudulent card charges) that such card-issuing financial institution allegedly should have reimbursed or waived but has refused to reimburse or waive; claims by any individual Settlement Class Member against any Person in their capacity as a user of consumer reports, furnisher of

consumer reports, or a consumer reporting agency (as defined in the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*) brought on an individual, case-by-case basis for the violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; and the right of any Settlement Class Member or any Released Person to enforce the terms of the settlement contained in the Settlement Agreement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 17. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from the Settlement reached in *Winstead v. ComplyRight, Inc.*, No. 1:18-cv-4990 (N.D. Ill.). Your letter must also include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than **Month __, 2019** to:

> ComplyRight Settlement Administrator
> P.O. Box _____
> Louisville, KY _____-____

### 18. If I exclude myself, can I still get a benefit from the Settlement?

No. If you exclude yourself from the Settlement do not send in a Claim Form to ask for a Settlement benefit because you will no longer be eligible for one.

### 19. If I do not exclude myself, can I sue the Defendant for the same thing later?

No. If you stay in the Settlement (*i.e.*, do nothing or do not exclude yourself from the Settlement), you give up any right to separately sue the Defendant for the claims released by the Settlement Agreement.

## THE LAWYERS REPRESENTING YOU

### 20. Do I have a lawyer in this case?

Yes. The Court appointed Ben Barnow and Erich P. Schork of Barnow and Associates, P.C., and Laurence D. King and Matthew B. George of Kaplan Fox & Kilsheimer LLP to represent you and other Settlement Class Members. These lawyers are called Co-Lead Settlement Class Counsel. These lawyers and their firms are experienced in handling similar cases. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 21. How will Co-Lead Settlement Class Counsel be paid?

If the Settlement is approved and become final, Co-Lead Settlement Class Counsel will ask the Court to award attorneys' fees in the amount of $908,333 reimbursement of costs and expenses, and service awards to each of the Representative Plaintiffs in the amount of $2,500. If approved, these amounts, as well as the costs of notice and settlement administration (up to $300,000), will be deducted from the Settlement Fund before making Reimbursement and Cash payments to Settlement Class Members who submit a valid Claim Form for those options.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 22. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views before making a decision. To object, you must file with the Court and serve on Co-Lead Settlement Class Counsel and Counsel for ComplyRight a written notice stating that you object to the Settlement in *Winstead v. ComplyRight, Inc.*, No. 1:18-cv-4990 (N.D. Ill.).

Your objection must include:

1) your full name, address, telephone number, and e-mail address;
2) information or proof showing you are a Settlement Class Member;
3) the reasons why you object to the Settlement, including any documents supporting your objection;
4) the name and address of your attorney, if you have retained one;
5) the name and address of any attorneys representing you that may appear at the Final Fairness Hearing;
6) a list of any and all other cases in which you (directly or through counsel) or your counsel (on behalf of any person or entity) have filed an objection to any proposed class action settlement, or have been a named plaintiff in any class action or served as lead plaintiff class counsel, including the case name, court, and docket number for each;
7) a certificate of good standing from the highest court of the state in which objector's counsel is admitted to practice law;
8) documents sufficient to show the results of any sanctions, investigations, or disciplinary proceedings against objector's counsel;
9) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection;
10) a statement confirming whether you personally intend to appear or testify at the Final Fairness Hearing; and
11) your signature or the signature of your attorney or other duly authorized representative (along with documentation illustrating representation).

Your objection must be filed with the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 by Month __, 2019. You must also mail copies of your objection to Co-Lead Settlement Class Counsel and Counsel for ComplyRight postmarked no later than Month __, 2019, at the addresses below.

| *Co-Lead Settlement Class Counsel*: | *Counsel for ComplyRight*: |
|---|---|
| Ben Barnow | Hsiao C. (Mark) Mao |
| Erich P. Schork | Troutman Sanders LLP |
| Barnow and Associates, P.C. | 580 California Street, Suite 1100 |
| One North LaSalle Street, Suite 4600 | San Francisco, CA 94104 |
| Chicago, IL 60602 | |

—and—

Laurence D. King
Matthew B. George
Kaplan Fox & Kilsheimer LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104

**23. What is the difference between objecting to and excluding myself from the Settlement?**

Objecting is telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this Settlement. If you exclude yourself from the Settlement, you have no basis to object or file a claim because the Settlement no longer applies to you.

### THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to. You cannot speak at the hearing if you exclude yourself from the Settlement.

**24. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Fairness Hearing at __:_0 _.m. on Month __, 2019, in Courtroom 2119 at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will take into consideration any properly-filed written objections and may also listen to people who have asked to speak at the hearing (*see* Question 22). The Court will also decide whether to approve payments of fees, costs, and expenses to Co-Lead Settlement Class Counsel, and the service awards to the Representative Plaintiffs.

**25. Do I have to come to the Final Fairness Hearing?**

No. Co-Lead Settlement Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

| **26. May I speak at the Final Fairness Hearing?** |
|---|

Yes, you may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must follow the instructions provided in Question 22 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

### IF YOU DO NOTHING

| **27. What happens if I do nothing?** |
|---|

If you do nothing, you will not receive any benefits from this Settlement. If the Court approves the Settlement, you will be bound by the Settlement Agreement and the Release. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant or the Released Persons about the issues resolved by this Settlement and released by the Settlement Agreement.

### GETTING MORE INFORMATION

| **28. Are more details about the Settlement available?** |
|---|

Yes. This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at www.[website].com or by writing to the ComplyRight Settlement Administrator, P.O. Box _____, Louisville, KY _____-____.

| **29. How do I get more information?** |
|---|

Go to www.[website].com, call 1-___-___-___, or write to ComplyRight Settlement Administrator, P.O. Box _____, Louisville, KY _____-____.

*Please do not call the Court or the Clerk of the Court for additional information.*
*They cannot answer any questions regarding the Settlement or the Action.*

DATED: Month __, 2019

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

# Exhibit F

# <u>CLAIM FORM</u>

*Winstead v. ComplyRight, Inc.*, Case No. 1:18-CV-4990

## USE THIS FORM TO MAKE A CLAIM FOR PROTECTION PLAN <u>OR</u> CASH <u>OR</u> REIMBURSEMENT

### The DEADLINE to submit or mail this Claim Form is: [MONTH __, 2019]

## I.     GENERAL INSTRUCTIONS

If your Personal Information (name, address, telephone number, email address, or Social Security number) was maintained on ComplyRight's website during the Data Breach that occurred from at least April 20, 2018 through May 22, 2018, including if you were sent the July 13, 2018 letter informing them of the Data Breach, you are a "Settlement Class Member." If you received a notice about this class action settlement addressed to you, then the Settlement Administrator has already determined that you are a Settlement Class Member.

As a Settlement Class Member, you are eligible to receive your choice of (1) a Protection Plan, or (2) Cash payment, or (3) Reimbursement.

1. **<u>Protection Plan</u>**: a two-year subscription to MyIDCare®, provided by ID Experts Corp. The MyIDCare® subscription will include, (1) credit monitoring by Experian (or another qualified company approved by Settlement Class Counsel), (2) dark web monitoring, (3) Fully Managed Recovery (full services), (4) $1,000,000 insurance coverage for reimbursement of losses attributable to the Data Breach (once enrolled), (5) Member Advisory Services, (6) Lost Wallet Assistance, and (7) 24-Hour Customer Service for each of the above. Complete details regarding this Protection Plan are available at https://www.myidcare.com/.

2. **<u>Cash</u>**: an *estimated* $50 payment. Cash payment amounts may be reduced or increased *pro rata* (proportionately) depending on how many people submit valid claims for Cash or Reimbursement and the amount of money remaining in the net Settlement Fund after Administrative Expenses are deducted.

3. **<u>Reimbursement</u>**: up to $200 reimbursement of certain documented expenses actually incurred as a result of the Data Breach that were not reimbursed by insurance or another third party. The following losses and expenses are eligible for reimbursement if documentation is provided with this Claim Form:

   a. Documented Time—up to $15 per hour for a maximum of 3 hours ($45 total)—associated with visits and calls required to correct issues directly related to the Data Breach; and

   b. Documented out-of-pocket Costs directly related to the Data Breach, such as the costs associated with purchasing police reports, late charges, overdraft fees or other fees, as well as other similar expenses directly related to the Data Breach and expended in good faith, at the Settlement Administrator's discretion.

This Claim Form may be submitted online at www.[website].com or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

ComplyRight Settlement Administrator
P.O. Box _____
Louisville, KY _____-____

## II. CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes before the Settlement benefits are issued, you must notify the Settlement Administrator in writing at the address above.

First Name                                                    M.I.     Last Name

| | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Alternative Name(s)

Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2:

City:                                                           State:        Zip Code:

Telephone Number (Home)                    Telephone Number (Mobile)

Email Address (Required for Protection Plan)

Date of Birth (mm/dd/yyyy)                    Claim Number Provided on mailed Notice (if known)

## III. BENEFIT SELECTION (CHOOSE ONLY ONE)

**Protection Plan**: If you wish to receive the Protection Plan, please check the box below, provide your email address in the space provided above in Section II, sign and return this Claim Form. Submitting this Claim Form will not automatically enroll you in the Protection Plan. To enroll, you must follow the instructions that will be sent to you using the email address you provided above, after the Settlement is approved and becomes final (the "Effective Date").

☐   I would like to receive the Protection Plan. I have provided my email address above.

**Cash**: If you wish to receive a Cash payment (estimated to be $50), check the box below, provide the email address associated with your PayPal or Zelle account below, sign and return this Claim Form. A check will be mailed to the address above or will be deposited in the PayPal or Zelle account provided below.

☐   I would like to receive Cash.

The email address associated with my PayPal account is [OPTIONAL]:

The email address associated with my Zelle account is [OPTIONAL]:

**Reimbursement**: If you wish to receive Reimbursement (up to $200) of certain documented expenses actually incurred as a result of the Data Breach that were not reimbursed by insurance or another third party, check the box below, complete the table, attach copies of supporting documentation (receipts), and sign and return this Claim Form. A check will be mailed to the address above or will be deposited in the PayPal or Zelle account provided below.

☐   I would like to receive Reimbursement. I have provided information below and attached copies of documents that support my claim.

The email address associated with my PayPal account is [OPTIONAL]:

The email address associated with my Zelle account is [OPTIONAL]:

Questions? Go to www.[website].com or call 1-___-___-____.

In order to make a claim for Reimbursement, complete the information below, sign the attestation at the end of this Claim Form (section IV), and include copies of documents supporting each claim.

| Cost Type (Fill all that apply) | Approximate Date | Amount | Description of Supporting Documentation (what you must attach) |
|---|---|---|---|
| ○ Purchase of police reports | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Examples: Receipts for the purchase of police reports* |
| ○ Late charges or other fees | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Examples: Receipt or account statements illustrating late charges or other fees paid because of the Incident, including overdraft fees* |
| ○ Other expenses directly related to the Data Breach | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Examples: Receipts, account statements, etc.* |
| ○ Time | *Complete information below* | | |

Number of hours spent remedying issues relating to the Incident: ☐ (max of 3)

Name of the person who spent these hours (if different):

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
First Name                                          M.I.       Last Name

Date of hours: ☐☐ / ☐☐ / ☐☐☐☐

Location:

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
Mailing Address, Line 1: Street Address/P.O. Box

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
Address, Line 2:

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐    ☐☐☐    ☐☐☐☐☐
City:                                              State:     Zip Code:

Purpose (event that resulted in the time expenditure):

_____
_____
_____

## IV. SIGNATURE

I swear and affirm that the foregoing is true and correct.

_____        _____
Signature                                        Date

# Exhibit G

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL SMITH, BRANDON HERMAN, CHAD PATTERSON, JEFFERY ROBERTS, MICHAEL WILL, SUSAN WINSTEAD, ROBERT BOHANNON, HOLLY BUCKINGHAM, RICHARD MORELLO, JR., ROBERT HARRIS, AMANDA LARISCY, CHARLES NEWMAN, and PAUL CHRISTIANSEN, individually and on behalf of all similarly situated persons,<br><br>            Plaintiffs,<br><br>  v.<br><br>COMPLYRIGHT, INC., a Minnesota corporation,<br><br>            Defendant. | Civil Action No. 1:18-cv-4990<br><br>CLASS ACTION<br><br>Jury Trial Demanded<br><br>Hon. Edmond E. Chang |

## [PROPOSED] ORDER AND JUDGMENT

WHEREAS, the Court, having considered the Settlement Agreement filed May 20, 2019 (the "Settlement") between and among Representative Plaintiffs, individually and on behalf of the Settlement Class, and Defendant ComplyRight, Inc. ("ComplyRight"), the Court's Order Granting Preliminary Approval of Class Action Settlement Agreement, Directing Notice to the Settlement Class, and Scheduling Final Fairness Hearing ("Preliminary Approval Order"), having held a Final Fairness Hearing on [Date], having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    This Order and Judgment incorporates herein and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided

herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order and Judgment.

2.    The Court has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class, to settle and release all claims released in the Settlement, and to dismiss the Litigation with prejudice.

## I.    CERTIFICATION OF THE SETTLEMENT CLASS

3.    Based on its review of the record before the Court, including the Settlement, all submissions in support of the Settlement, objections and responses thereto and all prior proceedings in the Litigation, the Court finally certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

> All persons whose Personal Information was maintained on ComplyRight's website during the Data Breach that occurred from at least April 20, 2018 through May 22, 2018, including all persons who were sent the July 13, 2018 letter informing them of the Data Breach. Excluded from the Settlement Class are: (a) individuals who are or were during the Data Breach officers or directors of ComplyRight; (b) any person found to be criminally involved in the Data Breach; and (c) any judge presiding over this matter.

4.    Excluded from the Settlement Class are those Persons listed in Exhibit A hereto, who submitted timely and valid requests for exclusion from the Settlement Class. Such Persons shall not receive the benefits of the Settlement and shall not be bound by this Order and Judgment.

5.    The Court confirms, for the purposes of settlement only, that the class action requirements of Fed. R. Civ. P. 23(a) and (b)(3) are satisfied in that: (a) Settlement Class Members are so numerous that joinder of all members is impracticable; (b) important questions of law or fact exist that are common to all Settlement Class Members; (c) the claims of Representative Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent; (d) Representative Plaintiffs and Co-Lead Settlement Class Counsel have and will fairly and

adequately represent the interests of the Settlement Class; (e) questions of law and fact common to members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is the superior method to fairly and efficiently adjudicate this controversy.

## II.    NOTICE TO THE SETTLEMENT CLASS

6.    The Court finds that Notice has been given to the Settlement Class in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such Notice:  (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Settlement, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

7.    The Court further finds that ComplyRight, through the Settlement Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period to comment or object to the Settlement before entering its Order and Judgment.

### III.    FINAL APPROVAL OF THE SETTLEMENT

8.      The Court finds that the Settlement resulted from extensive arm's length good faith negotiations between Co-Lead Settlement Class Counsel and ComplyRight, through experienced counsel, with the assistance of the Honorable Wayne R. Andersen (Ret.) of JAMS.

9.      Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

10.      The Court finds that Representative Plaintiffs and Co-Lead Settlement Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

11.      The Settling Parties shall consummate the Settlement in accordance with the terms thereof.  The Settlement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

12.      The Court has considered all objections, timely and proper or otherwise, to the Settlement and denies and overrules them as without merit.

### IV.    DISMISSAL OF CLAIMS AND RELEASE

13.      The Litigation is hereby dismissed with prejudice and without cost to any party, except as otherwise provided herein or in the Settlement.

14.      Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, shall be deemed to have, and by operation of the Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Claims that either have been asserted or could have been asserted by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the allegations, facts, or circumstances alleged

in the Litigation, and related to the Data Breach ("Released Claims"). Without limitation of the foregoing, Released Claims specifically include Claims stemming from the Data Breach that may have been or could have been asserted whether known or unknown, by any Settlement Class Member against any person or entity that could seek indemnification or contribution from any of the Released Persons in respect of such Claim. Released Claims shall not include the right of any Settlement Class Member or any Released Person to enforce the terms of the settlement contained in the Settlement Agreement. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in, any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

15.     Upon the Effective Date, ComplyRight and Related Persons shall be deemed to have, and by operation of the Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims, known or unknown, arising out of or relating to the institution, prosecution, settlement, or resolution of the Litigation, provided however, that this release, relinquishment, and discharge shall not include claims by the Parties or Settlement Class Members to enforce the terms of the Settlement or Settlement Agreement.

## V.     OTHER PROVISIONS

16.     Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

17.     In the event the Effective Date does not occur, this Order and Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement, this Order and Judgment and all orders entered in connection herewith shall be vacated and null and void, the Settling Parties shall be restored to their respective positions in the Litigation, the terms and provisions of the Settlement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc.

IT IS SO ORDERED.


Dated: _____          _____
                                        Honorable Edmond E. Chang
                                        United States District Judge