# EXHIBIT B

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARSHALL SMITH, BRANDON HERMAN, CHAD PATTERSON, JEFFERY ROBERTS, MICHAEL WILL, SUSAN WINSTEAD, ROBERT BOHANNON, HOLLY BUCKINGHAM, RICHARD MORELLO, JR., ROBERT HARRIS, AMANDA LARISCY, CHARLES NEWMAN, and PAUL CHRISTIANSEN individually and on behalf of all similarly situated persons,<br><br>        Plaintiffs,<br><br>    v.<br><br>COMPLYRIGHT, INC., a Minnesota corporation,<br><br>        Defendant. | Civil Action No. 1:18-cv-4990<br><br>CLASS ACTION<br><br>Jury Trial Demanded<br><br>Hon. Edmond E. Chang |

**DECLARATION OF LAURENCE D. KING FILED ON BEHALF OF KAPLAN FOX & KILSHEIMER LLP IN SUPPORT OF REPRESENTATIVE PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, EXPENSES, AND REPRESENTATIVE PLAINTIFF SERVICE AWARDS**

I, Laurence D. King, declare as follows:

1. I am a partner at the firm of Kaplan Fox & Kilsheimer LLP (the "Firm"). I submit this declaration in support of Representative Plaintiffs' Motion for Award of Attorneys' Fees, Costs, Expenses, and Representative Plaintiff Service Awards in connection with services rendered in the above-captioned litigation. I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently as to the matters stated herein.

2. I am one of plaintiffs' counsel in this matter. The Firm undertook this matter solely on a contingency fee basis.

3. The information in this declaration regarding the Firm's time and expenses is taken from time and expense printouts and supporting documentation prepared and maintained by the firm in the ordinary course of business.

4. I am the person in the firm who oversaw and conducted the day-to-day activities of the Firm in the litigation, and I reviewed printouts (and supporting documentation where necessary and appropriate) in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation. I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought as set forth herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the litigation. I also believe the time and expenses are of the type that would normally be charged to a fee-paying client in the private legal marketplace.

5. My firm has expended substantial time and effort investigating and litigating this case, including but not limited to the following:

a. Analyzing news stories and other publicly available information to investigate the data breach at issue in this litigation;

b. Conducting legal analysis to evaluate potential claims arising out of the data breach;

c. Identifying and evaluating consumers allegedly affected by the data breach and assessing whether they had viable claims against Defendant for the data breach;

d. Corresponding with and/or executing telephone calls with potential plaintiffs, including Plaintiff Jeffrey Roberts, to learn facts relevant to a potential action against Defendant;

e. Communicating with and drafting retainer agreement with Plaintiff Roberts;

f. Researching publicly available information relevant to allegations in the Roberts Complaint;

g. Conducting legal research to determine which legal claims to assert in the Roberts Complaint;

h. Drafting and filing the Roberts Complaint in the action styled *Roberts v. ComplyRight, Inc.*, in the United States District Court for Southern District of Florida, No. 18-cv-61836;

i. Assessing, drafting, and filing documents with the Judicial Panel on Multidistrict Litigation concerning the *Roberts* action;

j. Conferring with various counsel for other plaintiffs who filed separate cases asserting claims against Defendant arising from the data breach;

k. Conferring with counsel for Defendant concerning the MDL;

    l. Drafting and filing a motion to voluntarily dismiss the Roberts Complaint, so that plaintiffs' counsel could collectively work together to prosecute the case in a single forum;

    m. Assisting in the preparation of the Consolidated Amended Class Action Complaint filed with this Court;

    n. Analyzing Defendant's Answer and Amended Answer to the Consolidated Amended Class Action Complaint;

    o. Analyzing Defendant's motion to dismiss the Consolidated Amended Class Action Complaint and Defendant's motion to strike class allegations, and assisting with the research and drafting of briefings in opposition thereto;

    p. Drafting and finalizing discovery requests to Defendant, and reviewing responses thereto;

    q. Preparing a motion to amend the complaint;

    r. Preparing for and attending mediation, and preparing papers thereto;

    s. Conferring with co-counsel to discuss potential settlement;

    t. Conferring with plaintiffs to discuss and evaluate the terms of the proposed settlement, and seek their approval thereof;

    u. Reviewing confirmatory discovery in support of settlement; and

    v. Assisting the preparation of the motion for preliminary approval.

6. Attached hereto as Exhibit 1 is a summary of the Firm's lodestar through today's date. The summary includes the names of attorneys and professional support staff who worked on this case and each timekeeper's respective hours and lodestar at current rates. The hourly rates shown in Exhibit 1 are the usual and customary rates set by the Firm for each individual. Through

today's date, the Firm has expended 317.8 hours working on this case and the total lodestar is $239,974.50.

7. The Firm has expended $11,787.32 in costs and expenses on this case. Those costs and expenses are summarized by category in Exhibit 2. The costs and expenses pertaining to this case are reflected in the books and records of the Firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the costs and expenses.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 26th day of August, 2019, at San Francisco, California.

*/s/Laurence D. King*
Laurence D. King

## EXHIBIT 1

Time Report

| Name | Experience | Hours | Rate | Lodestar |
|---|---|---|---|---|
| Laurence D. King (P) | 25+ years | 150 | $895 | $ 134,250.00 |
| Matthew B. George (OC) | 13+ years | 120.1 | $725 | $ 87,072.50 |
| Mario M. Choi (A) | 12+ years | 15.9 | $550 | $ 8,745 |
| Kevin M. Cosgrove (I) | 20+ years | 24.7 | $325 | $ 8,027.50 |
| Suzanne Powley (P) | 20+ years | 6.2 | $285 | $ 1,767.00 |
| Nikki Lee (P) | 3+ years | 0.9 | $125 | $ 112.50 |
| **TOTAL** | | | | $ 239,974.50 |

(P) Partner
(A) Associate
(OC) Of Counsel
(PL) Paralegal
(I) Investigator

**EXHIBIT 2**

Costs and Expenses Summary

| CATEGORY | TOTAL |
|---|---|
| Transportation, Hotels, and Meals | $ 4,981.29 |
| Telephone, Facsimile | |
| Postage | |
| Messenger, Overnight Delivery | |
| Photocopies | $ 7.85 |
| Electronic Research | $ 1,336.09 |
| Litigation Fund Contribution | |
| Court Fees | $ 600.00 |
| Witness/Service Fees | |
| Miscellaneous (Mediation Fees) | $ 4,862.09 |
| | |
| TOTAL | $ 11,787.32 |