# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL SMITH, BRANDON HERMAN, CHAD PATTERSON, JEFFERY ROBERTS, MICHAEL WILL, SUSAN WINSTEAD, ROBERT BOHANNON, HOLLY BUCKINGHAM, RICHARD MORELLO, JR., ROBERT HARRIS, AMANDA LARISCY, CHARLES NEWMAN, and PAUL CHRISTIANSEN individually and on behalf of all similarly situated persons,<br><br>      Plaintiffs,<br><br>  v.<br><br>COMPLYRIGHT, INC., a Minnesota corporation,<br><br>      Defendant. | Civil Action No. 1:18-cv-4990<br><br>CLASS ACTION<br><br>Jury Trial Demanded<br><br>Hon. Edmond E. Chang |

**DECLARATION OF BENJAMIN F. JOHNS FILED ON BEHALF OF CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP
IN SUPPORT OF REPRESENTATIVE PLAINTIFFS' MOTION FOR
AN AWARD OF ATTORNEYS' FEES, COSTS, EXPENSES,
AND REPRESENTATIVE PLAINTIFF SERVICE AWARDS**

I, Benjamin F. Johns, declare as follows:

1. I am a partner at the firm of Chimicles Schwartz Kriner & Donaldson-Smith LLP (the "Firm"). I submit this declaration in support of Representative Plaintiffs' Motion for Award of Attorneys' Fees, Costs, Expenses, and Representative Plaintiff Service Awards in connection with services rendered in the above-captioned litigation. I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently as to the matters stated herein.

2. I am one of Plaintiffs' counsel in this matter. My Firm undertook this matter solely on a contingency fee basis.

3. The information in this declaration regarding my Firm's time and expenses is taken from time and expense printouts and supporting documentation prepared and maintained by the firm in the ordinary course of business.

4. I am the person in the firm who oversaw and conducted the day-to-day activities of my Firm in the litigation, and I reviewed our time and expense underlying details in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation. I believe that the time reflected in my Firm's lodestar calculation and the expenses for which payment is sought as set forth herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the litigation. I also believe the time and expenses are of the type that would normally be charged to a fee-paying client in the private legal marketplace.

5. My Firm has expended substantial time and effort investigating and litigating this case, including but not limited to the following:

a. analyzing news stories and other publicly available information to investigate the data breach at issue in the litigation;

b. conducting legal analysis to evaluate potential claims arising out of the data breach;

c. engaging in website, internet, and social media marketing to alert consumers of the data breach;

d. evaluating more than 30 intake forms from consumers allegedly affected by the data breach and assessing whether they had viable claims against Defendant for the data breach;

e. corresponding with and/or executing telephone calls with potential Plaintiffs to learn facts relevant to a potential action against Defendant;

f. communicating with and drafting retainer agreements for Plaintiffs Amanda Lariscy, Marshall Smith, Robert Bohannon, and Holly Buckingham (the "Chimicles Plaintiffs");

g. researching publicly available information relevant to allegations in the Chimicles Plaintiffs' Complaint (defined below);

h. conducting legal research to determine which legal claims to assert in the Chimicles Plaintiffs' Complaint (defined below);

i. drafting and filing the Chimicles Plaintiffs' Complaint (defined below) in the United States District Court for the Southern District of Florida (*see Bohannon et al. v. ComplyRight, Inc.*, Case No. 0:18-cv-61730-BB, Dkt. No. 1 (S.D. Fla. July 26, 2018));

    j. assessing, drafting, and filing with the Judicial Panel on Multidistrict Litigation, the Chimicles Plaintiffs' Motion for Transfer of Actions to the Southern District of Florida Pursuant to 28 U.S.C. § 1407 (the "MDL Petition"), and all supporting briefs and documents related thereto;

    k. conferring with various counsel for other Plaintiffs who filed separate cases asserting claims against Defendant arising from the data breach, to discuss the pending MDL Petition and/or filing a joint amended complaint;

    l. conferring with counsel for Defendant to discuss the pending MDL Petition, and ultimately withdrawing the MDL Petition;

    m. drafting and filing a motion to voluntarily dismiss the Chimicles Plaintiffs' Complaint, so that Plaintiffs' counsel could collectively work together to prosecute the case in a single forum;

    n. assisting in the preparation of the Consolidated Amended Class Action Complaint filed in this Court, joining the Chimicles Plaintiffs with Plaintiffs from separately-filed actions asserting;

    o. analyzing Defendant's motion to dismiss the Consolidated Amended Class Action Complaint and assisting with Plaintiffs' brief in opposition thereto;

    p. conferring with co-counsel to discuss potential settlement; and

    q. conferring with the Chimicles Plaintiffs to discuss and evaluate the terms of the proposed settlement, and seek their approval thereof.

6. Attached hereto as Exhibit 1 is a summary of the Firm's lodestar. The summary includes the names of attorneys and professional support staff who worked on this case and each timekeeper's respective hours and lodestar at current rates. The hourly rates shown in Exhibit 1

are the usual and customary rates set by the Firm for each individual. Through July 31, 2019, my Firm has expended 241.8 hours working on this case and the total lodestar is $116,025.00.

7. The Firm has expended $1,728.14 in costs and expenses on this case. Those costs and expenses are summarized by category in Exhibit 2. The costs and expenses pertaining to this case are reflected in the books and records of the Firm. These books and records are prepared form receipts, expense vouchers, check records, and other documents and are an accurate record of the costs and expenses. My firm advanced all of these costs over the course of this litigation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of August, 2019, at Haverford, Pennsylvania.

_____
Benjamin F. Johns

4