# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL SMITH, BRANDON HERMAN, CHAD PATTERSON, JEFFERY ROBERTS, MICHAEL WILL, SUSAN WINSTEAD, ROBERT BOHANNON, HOLLY BUCKINGHAM, RICHARD MORELLO, JR., ROBERT HARRIS, AMANDA LARISCY, CHARLES NEWMAN, and PAUL CHRISTIANSEN, individually and on behalf of all similarly situated persons,<br><br>      Plaintiffs,<br><br>    v.<br><br>COMPLYRIGHT, INC., a Minnesota corporation,<br><br>      Defendant. | Civil Action No. 1:18-cv-4990<br><br>CLASS ACTION<br><br>Jury Trial Demanded<br><br>Hon. Edmond E. Chang |

## ORDER AND JUDGMENT

WHEREAS, the Court, having considered the Settlement Agreement filed May 22, 2019 (ECF No. 83-1) (the "Settlement") between and among Representative Plaintiffs, individually and on behalf of the Settlement Class, and Defendant ComplyRight, Inc. ("ComplyRight"), the Court's Order Granting Preliminary Approval of Class Action Settlement Agreement, Directing Notice to the Settlement Class, and Scheduling Final Fairness Hearing (ECF No. 88) ("Preliminary Approval Order"), having held a Final Fairness Hearing on October 7, 2019, having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Representative Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement (ECF No. 95-1) is granted.

2. This Order and Judgment incorporates herein and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order and Judgment.

3. The Court has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class, to settle and release all claims released in the Settlement, and to dismiss the Litigation with prejudice.

## I. CERTIFICATION OF THE SETTLEMENT CLASS

4. Based on its review of the record before the Court, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Litigation, the Court finally certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

> All persons whose Personal Information was maintained on ComplyRight's website during the Data Breach that occurred from at least April 20, 2018 through May 22, 2018, including all persons who were sent the July 13, 2018 letter informing them of the Data Breach. Excluded from the Settlement Class are: (a) individuals who are or were during the Data Breach officers or directors of ComplyRight; (b) any person found to be criminally involved in the Data Breach; and (c) any judge presiding over this matter.

5. Excluded from the Settlement Class are those Persons listed in Exhibit C to the Declaration of Jeremy Neville on Behalf of Settlement Administrator Regarding Class Notice (ECF No. 95-2), who submitted timely and valid requests for exclusion from the Settlement Class. Such Persons shall not receive the benefits of the Settlement and shall not be bound by this Order and Judgment.

6. The Court confirms, for the purposes of settlement only, that the class action requirements of Fed. R. Civ. P. 23(a) and (b)(3) are satisfied in that: (a) Settlement Class Members are so numerous that joinder of all members is impracticable; (b) important questions of law or fact exist that are common to all Settlement Class Members; (c) the claims of Representative Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent; (d) Representative Plaintiffs and Co-Lead Settlement Class Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is the superior method to fairly and efficiently adjudicate this controversy.

## II. NOTICE TO THE SETTLEMENT CLASS

7. The Court finds that Notice has been given to the Settlement Class in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Settlement, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

8. The Court further finds that ComplyRight, through the Settlement Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period to comment or object to the Settlement before entering its Order and Judgment.

### III. FINAL APPROVAL OF THE SETTLEMENT

9. The Court finds that the Settlement resulted from extensive arm's length good faith negotiations between Co-Lead Settlement Class Counsel and ComplyRight, through experienced counsel, with the assistance of the Honorable Wayne R. Andersen (Ret.) of JAMS.

10. Pursuant to Fed. R. Civ. P. 23(e) and for the reasons stated in open court on October 7, 2019, the Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

11. The Court finds that Representative Plaintiffs and Co-Lead Settlement Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

12. The Settling Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV. DISMISSAL OF CLAIMS AND RELEASE

13. The Litigation is hereby dismissed with prejudice and without cost to any party, except as otherwise provided herein or in the Settlement.

14. Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, shall be deemed to have, and by operation of the Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Claims that either have been asserted or could have been asserted by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the allegations, facts, or circumstances alleged in the Litigation, and related to the Data Breach ("Released Claims"). Without limitation of the foregoing, Released Claims specifically include Claims stemming from the Data Breach that may have been or could have been asserted whether known or unknown, by any Settlement Class Member against any person or entity that could seek indemnification or contribution from any of the Released Persons in respect of such Claim. Released Claims shall not include the right of any Settlement Class Member or any Released Person to enforce the terms of the settlement contained in the Settlement Agreement. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in, any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

15. Upon the Effective Date, ComplyRight and Related Persons shall be deemed to have, and by operation of the Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims, known or unknown, arising out of or relating to the institution, prosecution, settlement, or resolution of the Litigation, provided however, that this release, relinquishment, and discharge shall not include claims by the Parties or Settlement Class Members to enforce the terms of the Settlement or Settlement Agreement.

## V. ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFF SERVICE AWARDS

16. Representative Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Payment of Representative Plaintiff Service Awards (ECF No. 91), is granted.

17. For the reasons stated in open court on October 7, 2019, the Court awards attorneys' fees of $908,333, reimbursement of costs and expenses in the amount of $23,723.85, and payment of service awards in the amount of $2,500 to each of Representative Plaintiffs. The Court directs the Settlement Administrator to pay such amounts from the Settlement Fund in accordance with the terms of the Settlement. Co-Lead Settlement Class Counsel, in their sole discretion to be exercised reasonably, shall allocate and distribute the attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' counsel of record in the Litigation.

## VI. OTHER PROVISIONS

18. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

19. In the event the Effective Date does not occur, this Order and Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement

Agreement, this Order and Judgment and all orders entered in connection herewith shall be vacated and null and void, the Settling Parties shall be restored to their respective positions in the Litigation, the terms and provisions of the Settlement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc.

IT IS SO ORDERED.

Dated: October 7, 2019

_____
Honorable Edmond E. Chang
United States District Judge